HOBSON, Justice.
On petition for a writ of certiorari we are asked to review two orders of the Florida Railroad and Public Utilities Commission, which authorized Vann Transfer & Storage Co., Inc., a household goods carrier, to domicile motor vehicle equipment at Gainesville, Florida, in addition to its present domicile point of Marianna, Florida.
The instant proceedings can best be understood when viewed in their historical context. Some time ago, after extensive hearings and investigations of the household goods moving industry in Florida, the Commission promulgated a rule governing domicile of motor vehicle equipment.[1] Said rule requires that before a household *338 goods carrier may domicile its motor vehicle equipment at a location other than its principal place of business it must file an application with the Commission requesting authorization for such an extension and offer proof of public convenience and necessity at a public hearing held to consider such application. In the case of Fogarty Bros. Transfer Inc. v. Boyd et al., Fla.1959, 109 So.2d 883, we held that the Commission acted within its specific or implied statutory powers when it adopted the domicile rule.
Subsequent to the Fogarty Bros, opinion, supra, Vann Transfer applied to the Commission for permission to domicile equipment in Gainesville. A public hearing on the application was held before an Examiner, appointed by the Commission, who recommended it be granted. Thereafter oral argument was heard before the full Commission which, upon consideration of the entire record, entered Order 4837 concurring in the conclusions and recommendation of the Examiner and granted said application. Order Number 4837 provided in part:
“The record shows that the applicant has authority from the Interstate Commerce Commission to engage in the interstate transportation of household goods in six different states, is an agent for United Van Lines, a nationwide hauler of household goods, and is engaged in the transportation of household goods within the city of Gainesville where it maintains a brick and concrete warehouse with storage facilities which is equipped with a sprinkler system for fire protection. The applicant presently operates nine vans in connection with its transportation business and expects to domicile three of those in Gainesville if this application is granted.”
 In the case of DeGroot v. Sheffield[2] this court defined the term “competent substantial evidence”. “Substantial evidence” was therein defined to be such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred. Such “substantial evidence” must be “competent”, and it is, if it is relevant and material to the issue or issues presented for determination.
All parties to this proceeding agree that before a new domicile point may be granted to a household goods carrier, it must by competent substantial evidence show that the granting of such extension is in the furtherance of public convenience and necessity. The area of disagreement involved herein is limited to whether the Commission had before it sufficient evidence of public convenience and necessity to support the challenged orders.
At the hearing on the instant application the Commission took judicial notice of the fact that official records of the Gainesville public utility department and Alachua County Board of Public Instruction added up to the fact that the Gainesville economic area is enjoying a substantial growth and population increase.
Further, there was testimony presented by a local realtor and by a member of the University of Florida’s staff which indicated that there was a large turnover in tenants of unfurnished rental properties during the course of a year and that this turnover in point of time was very closely related to the semester changes at the University.
In Fogarty Bros., Inc. v. Boyd, supra, this court said:
“It is anticipated that the degree of proof necessary to establish the requisite public convenience and necessity for a new domicile point will be less exacting than that required of a carrier upon application for an original certificate or an extension of existing service.”
*339 The above statement carries with it a recognition of the fact that it is difficult if not impossible to set up a hard and fast definition of what constitutes public convenience and necessity with reference to the Domiciliary Rule. Further, any attempt to establish such an ironclad formula governing the Commission in its interpretation of this self-imposed rule would have the effect of taking from the Commission its administrative flexibility. As we have indicated before, in the exercise of the authority conferred upon it by statute the Commission may, within the limitations expressly or impliedly defined by organic or statutory law, exercise its reasonable administrative discretion and judgment to effectuate the intent of the law as it may apply to varying conditions and fact patterns.[3]
The findings of the full Commission that “If the application is granted necessary equipment will be stationed in Gainesville so that members of the public desiring applicant’s service can be more conveniently and expeditiously served with a minimum of uncompensated movement of equipment from point to point to meet the public need for such service.”, standing alone, is not a sufficient basis for the granting of the application filed in this proceeding because this finding could be made in every hearing upon an application such as is involved here. However, the above quoted finding, when considered as a conclusion predicated upon official records which showed the Gainesville economic area is enjoying a substantial growth and population increase, and upon the testimony to the effect that there was a large turnover in tenants of unfurnished rental properties during the course of a year and that this turnover in point of time was very closely related to the semester changes at the University, is justified.
Our perusal of the instant proceeding discloses that the Commission’s ultimate findings and conclusions are supported by that mininmm quantum of substantial competent evidence envisaged by our statement in the Fogarty Bros, case, supra.
In this, and all other such cases, the order of the Commission is, of course, aided by the statutory presumption in favor of its validity. § 350.12, F.S.A.
On the whole record we do not find reflected any departure from the essential requirements of the law. Therefore, the petition for writ of certiorari is discharged.
It is so ordered.
THOMAS, C. J., TERRELL and O’CONNELL, JJ„ and MOODY, Circuit Judge, concur.

. Florida Railroad and Public Utilities Commission Rule No. 5.400(3).

. Fla.1957, 95 So.2d 912, 916.

. Fogarty Bros. Transfer Inc. v. Boyd, Fla.1959, 109 So.2d 883, 886, 890.