### Application of SUNSHINE VAN LINES, Inc.
No. 7037-CCT.

Florida Public Utilities Commission.
September 10, 1964.

Richard B. Austin, Jacksonville, for the applicant.

O. C. Beakes, Jacksonville, for Brevard-Ridgway Moving & Storage Co., Fidelity Transfer & Storage Co., Suddath Moving & Storage Co., Inc., Joiner Van & Storage Co., Inc., Greyvan Moving & Storage Co., Fogarty Bros. Transfer, Inc., Blackburn Moving & Storage, and Melbourne-Eau Gallie Transfer Co., protestants.

Chairman EDWIN L. MASON, Commissioners JERRY W. CARTER and WILLIAM T. MAYO each participated in the disposition of this matter.

BY THE COMMISSION.

Pursuant to statutory notice the commission by its duly designated examiner, William L. Weeks, held a public hearing on the above application on November 6, 1963 in the city hall at Cocoa, Florida.

The examiner's report and recommended order was published February 6, 1964, and served on the parties. Exceptions thereto were duly filed and the commission, having heard the arguments of counsel and having considered the entire record, now enters its own order in the matter.

The application in this docket was filed by Sunshine Van Lines, Inc. on July 19, 1963. The application seeks authority to extend the applicant's certificate of public convenience and necessity no. 440 issued by this commission so as to authorize the applicant to domicile motor vehicle equipment at Cocoa, Florida, for the purpose of transporting household goods intrastate under the authority of said certificate and the rules and regulations of this commission. Certificate no. 440 presently authorizes the transportation of household goods, as defined by the commission, in common carriage, non-radially, over irregular routes between all points and places in the state of Florida, with motor vehicle equipment domiciled at Starke, Florida, only. This application and this hearing was limited to the domiciling of motor vehicle equipment at Cocoa, Florida, as provided for by rule 310-5.70 of the rules and regulations of this commission.

In support of the application applicant, through Mr. Crane, its president, and Mr. E. R. Brownfield, its secretary and treasurer, testified that it operates 5 pieces of motor vehicle equipment in the exempt zone in Brevard County, with an 11,000 square foot warehouse located in Cocoa, in addition to an arrangement in Starke with Central Truck Lines, Inc. for the use of 1,000 square feet of Central Truck Lines' space at its principal and only domicile point. It was applicant's testimony that it presently operates vehicles domiciled in Cocoa and its exempt zone or in interstate commerce under lease to United Van Lines and that a vehicle was dispatched from Starke when an intrastate move into or out of Cocoa and Brevard County was tendered to applicant.

Applicant's exhibit no. 8 titled "Central Brevard Area" describes in addition to Cocoa an area closely surrounding Cocoa, to-wit: Cocoa Beach, Rockledge, Merritt Island, Frontenac, Wil-

liams Point, Sharpes, City Point, Bonaventure, Cape Canaveral and Patrick Air Force Base. From an examination of exhibit 8 and the testimony thereon, the commission is of the opinion said area may properly be viewed as being in the community of interest of Cocoa and will hereinafter sometimes be referred to as the Cocoa area.

Applicant's exhibits no. 10 and no. 11 show that from November 13, 1961, applicant has handled 31 shipments into and out of the Cocoa area. Exhibit no. 10 reflects that applicant handled only 3 such shipments in 1961, but this increased to 12 shipments in 1963 thereby indicating rapidly expanding demand and activity in the Cocoa area.

In addition to the testimony of the applicant's officers, applicant presented the secretary of the Greater Cocoa Chamber of Commerce, an officer from the Central Brevard National Bank and a city clerk of the city of Cocoa, all of whom testified that Cocoa and the Central Brevard Area had experienced a substantial population growth and industrial growth and had had several businesses grow substantially due to the NASA Space Program. The population of Cocoa had grown from 7,500 in 1955 to 15,785 in December, 1962, and the Central Brevard Area had grown from a population of 22,749 in 1960 to 70,000 in 1963. There is no question that the area has and is experiencing a very substantial growth. Similar increases were shown over the same period of years in bank deposits, telephone and electric service. It is to be noted that in conjunction with this growth there has been some increase in the number of household goods carriers authorized to domicile equipment in this area. It now appears that there are four carriers domiciled in Cocoa, to-wit — Suddath Moving & Storage Co., Inc., Greyvan Moving & Storage Co., Joiner Van & Storage Co., Inc. and Delcher Bros. Storage Co., Inc., three of whom appeared as protestants.

Several public shipper witnesses were presented by the applicant, and their testimony generally can be reduced to a finding that they considered conditions in the Cocoa area to justify their having at least one more carrier available to them. These testified that their transportation needs fluctuated considerably, and that there had been and would be times when the need for motor carrier equipment would be extremely high. An example given was the recent transfer of a large number of personnel from Cocoa to Fort Walton, Florida. It was the consensus of these witnesses that the wide fluctuation of present needs made it essential that there be a large motor vehicle equipment pool available, and that the rapid and steady growth in the area further demanded the granting of this application.

The protestants, although listed as being eight in number, produced only three witnesses, each one being a company witness from three different protestants, in opposition to the application. Two of these protestants hold authority to domicile at Cocoa: Suddath Moving & Storage Co. and Joiner Van & Storage Service, Inc. Said two protestants testified in effect that they were ready, willing and able to serve the public in the subject Cocoa area; that they have provided adequate service in the past and are able to do so in the future; that their investment in equipment and other property for service of the public in this area was substantial; that the territory was already over-saturated with carriers recently granted certificated or domicile authority in the subject Cocoa area in comparison with other city areas in the state; and, that to grant this application would further dilute the existing household goods business and would have an adverse effect upon protestants' ability to serve the public. The third protestant, Titusville Transfer & Storage Co., d/b/a Brevard-Ridgeway Moving & Storage Co., Inc., holds authority to domicile at Titusville. However, little if any consideration can be given to its objection since the point under consideration is Cocoa, not Titusville, and no evidence was presented by this protestant as to the service it has provided and does offer in the subject Cocoa area.

The commission here notes that the carriers domiciled in Cocoa (including protestants) have all been so domiciled since prior to 1960, and that since 1960 the population of this area has more than doubled.

The commission is of the opinion that were this an original application for transportation authority it would have to refuse to grant it because of insufficient evidence of public convenience and necessity required in such cases. However, our Supreme Court, in Fogarty Bros. Transfer, Inc. v. Boyd, 109 So. 2d 883 (Fla. 1959), stated that " . . . the degree of proof necessary to establish the requisite public convenience and necessity for a new domicile point will be less exacting than required of a carrier upon application for an original certificate or an extension of existing service." Later, in Gainesville Bonded Warehouse, Inc. v. Carter, 123 So. 2d 336 (Fla. 1960), the court applied this proposition in upholding this commission's action in granting an application for authority to domicile equipment in Gainesville where it appeared "that the Gainesville economic area is enjoying a substantial growth and population increase," and "that there was a large turnover in tenants of unfurnished rental properties during the course of a year and that this turnover in point of time was very closely related to the semester changes at the university."

Having fully considered the matter, the commission finds that Cocoa and its community of interest are enjoying an exceptionally large rate of economic growth and population increase; that the needs in the area for services which the applicant is authorized to provide are not only on the increase, but fluctuate widely, so as to necessitate a pool of available equipment in excess of that on hand by carriers presently authorized to domicile in the area; that the applicant is qualified, willing and able to fill said needs; and, under the holdings of the Fogarty Bros. and Gainesville Bonded Warehouse cases, supra, that public convenience and necessity require the granting of the instant application.

It is therefore ordered that the application of Sunshine Van Lines, Inc., Starke, Florida, for authority to domicile equipment at Cocoa, Florida, be and the same is hereby granted.