PER CURIAM.
Appellant seeks review of an adverse final judgment for the defendant, Jay W. Weiss.
This action was initiated to recover an amount of money due and owing on three promissory notes, dated March 15, 1962 executed by the defendant Weiss.
*98 The total face amount of the notes was $10,000. Each was made payable on demand to one Norman Drucker, the plaintiff-appellant’s son.
Drucker and his mother, the appellant, both testified that the $10,000 loan involved in this case was money belonging to the appellant, the loan having been made by the appellant’s former husband, now deceased, Julius Drucker.
Weiss partially corroborated this testimony, testifying as an adverse witness. He stated that the three notes at issue in this cause were part of “a great series of notes” representing a number of loans made by Julius Drucker (totalling as much as $70,000 over a period of years).
These loans were advanced, according to Weiss, to provide needed finances for a business known as “Tiny’s Liquor Stores,” a chain of six or seven liquor stores. Weiss was a partner in the business with his third cousin, Elliot William Dinnerstein, who also testified at trial.
Julius Drucker was Dinnerstein’s uncle and a second cousin to Weiss.
At trial, the defendant Weiss and Din-nerstein asserted during the plaintiff’s case, that the rate of interest on the $10,000 loan presently at issue (and apparently on other loans from Julius Drucker as well) was 12%, a usurious rate.
The interest rate, the two men testified, was reached through an oral understanding with Julius Drucker (a formula based on 1% per month interest).
Their testimony directly varies the interest rate appearing on the face of the three notes, which is 10%. In addition, Norman Drucker and the appellant testified that the interest rate was only 10%.
Nevertheless, at the conclusion of the plaintiff’s case, the trial court found that the interest rate was usurious, and therefore the plaintiff was entitled only to the unpaid principal, if any.
Thereupon, the defendant Weiss produced his accountant, Gilbert Gross, in an effort to prove that the $10,000 has been paid.
Gross testified that the company books for “Tiny’s Liquor Stores” reflected that on May 1, 1962, approximately a month and a half after the notes were executed, payments were commenced upon outstanding loans.
Apparently, these payments continued until May 20, 1966, and Gross stated that the total re-payments reflected a principal of $10,000 and an interest of $4,150 (a sum which does not indicate a usurious interest rate).
On cross-examination, however, Gross conceded that he had no way of connecting the payments reflected in the corporate books to the specific notes upon which the appellant filed this lawsuit.
After Gross’ testimony, the court entered judgment for the defendant, observing, “It would appear to me to be very strange to wait ten years to bring any action on this.”
Appellant has raised three points on appeal contending that the trial court committed reversible error. We find these points to be well-taken.
First, we think the appellant properly objected to testimony from Dinnerstein concerning his understanding of the interest rate which Julius Drucker set upon the loans in question.
It is clear that Dinnerstein, as a partner in Weiss’ business at the time these loans were transacted, stood to gain by the direct legal effect of the judgment in this case because of his potential legal liability. See Fla.Stat. §§ 620.63 and 620.735, F.S.A.
Thus, we conclude the witness was incompetent to testify concerning his understanding with Julius Drucker because of the Dead Man’s Statute (Fla.Stat. § 90.05, F.S.A.). Pickard v. Miggins, Fla.App.1975, 311 So.2d 681; Broward National Bank of Fort Lauderdale v. Bear, Fla. App.1961, 125 So.2d 760.
*99 Excluding Dinnerstein’s testimony, which was incompetent, as well as Weiss’, which was self-serving, we do not think the record supports the trial court’s finding that the interest rate was usurious. Therefore, appellant’s second point is meritorious.
Lastly, we do not think Gross’ testimony established payment of the notes involved in this litigation. The accountant’s testimony only established that a $10,000 debt had been satisfied. Weiss testified, however, concerning a series of loans from Julius Drucker.
In our view, it would be speculative to infer from Gross’ testimony that the obligation represented by the three notes had been satisfied. Cf. Jacksonville Coach Co. v. Early, Fla.1955, 78 So.2d 369; Gainsville Bonded Warehouse, Inc. v. Carter, Fla. 1960, 123 So.2d 336.
Therefore, for the reasons stated in this decision, the judgment appealed is reversed, and the cause is remanded for a new trial.
Reversed and remanded.