ON MOTION FOR REVIEW OF AWARD OF ATTORNEYS’ FEES
DELL, Judge.
Appellant, Executive Square, Ltd., moves for review, pursuant to Florida Rule of Appellate Procedure 9.400(c), of an order awarding attorney’s fees.
This court granted appellee’s motion for attorney’s fees pursuant to Rule 9.400(b), Florida Rules of Appellate Procedure, and remanded this cause to the trial court for assessment of a reasonable fee. On remand, the trial court heard testimony from appellee’s counsel and an attorney who specializes in appellate law. Appellee’s attorney testified that the written fee arrangement provided for a reasonable fee but was contingent in nature because the fee would “be figured out after we get the results of the case.” Counsel testified to expending fifty hours in the appeal giving rise to this motion. The expert witness testified as to the reasonableness of the fifty hours expended and that the court should apply a contingency risk factor of 1.5:
Well, using the lodestar of 50 hours times $200 an hour, gets lodestar of $10,-000.00. Applying the 1.5 contingency risk multiplier to that yields a fee of $15,000.00, which in my opinion would be a reasonable fee for this appeal.
The expert further testified in general terms that the case was novel and required more work than would ordinarily have been required. The expert had not seen a copy of the fee arrangement between appellee and its counsel.
At the conclusion of the hearing the court stated:
Well, I feel like you weren’t denied it [the time records], and I think that 50 hours sounds reasonable to me and $200.00 an hour sounds reasonable to me. So, I find that that is the right number of hours and the right of amount of time per hour, and 1.5 I guess is the right multiplier; so I will award $15,000, assess $15,000.00.
*804 Appellee’s counsel furnished the court with a form order. The court inserted the number of hours, the product of the number of hours times an hourly rate of $200. The order also contained a finding with appropriate blank spaces for application of a contingency risk multiplier:
Considering the novelty of the issues, the results obtained, and contingency nature of the fee as an independent basis for enhancement or reduction of the fee, the Court has determined that an appropriate multiplier would be 1.5 and finds that the fee awarded in the case is $15,-000.00.
Appellant contends the trial court erred because the record does not contain the fee contract, time records, nor does the order of the trial court make specific findings in support of application of the contingency risk multiplier. We reverse.
In Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985) the supreme court emphasized “the importance of keeping accurate and current records of work done and time spent on a case, particularly when someone other than the client may pay the fee.” Here appel-lee’s counsel maintained time records but did not place the records in evidence. While we think it is a better practice for counsel to place the supporting documentation for fees in evidence, we do not find failure to do so a basis for reversal. In Rowe, the court said:
Florida courts have emphasized the importance of keeping accurate and current records of work done and time spent on a case.... To accurately assess the labor involved, the attorney fee applicant should present records detailing the amount of work performed. Counsel is expected, of course, to claim only those hours that he could properly bill to his client. Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary. The “novelty and difficulty of the question involved” should normally be reflected by the number of hours reasonably expended on the litigation. (emphasis added; citations omitted)
Id. at 1150.
The courts in Glades, Inc. v. Glades Country Club Apartments Ass’n., 534 So.2d 723 (Fla. 2d DCA 1988), and City of Miami v. Harris, 490 So.2d 69 (Fla. 3d DCA 1985), cert. denied, 479 U.S. 1031, 107 S.Ct. 876, 93 L.Ed.2d 830 (1987), concluded that Rowe does not require that the number of hours expended by counsel must be documented by written time records. We agree with the conclusions reached in Glades, Inc. and City of Miami v. Harris, since the Rowe decision expressly provides that “[inadequate documentation may result in a reduction in the number of hours claimed....” We also find no error in the trial court’s admission of testimony concerning the fee contract. Appellant failed to make an appropriate objection based upon the best evidence rule.
However, we find merit in appellant’s argument that the form order provided by appellee’s counsel does not contain sufficient findings of fact to support the application of a contingency risk multiplier. The form order contains only conclusory language concerning the novelty of the issues, the results obtained and the contingent nature of the fee. Rowe states:
In determining the hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors, the trial court must set forth specific findings. If the court decides to adjust the lodestar, it must state the grounds on which it justifies the enhancement or reduction. In summary, in computing an attorney’s fee, the trial judge should (1) determine the number of hours reasonably expended on the litigation; (2) determine the reasonable hourly rate for this type of litigation; (3) multiply the result of (1) and (2); and, when appropriate, (4) adjust the fee on the basis of the contingent nature of the litigation or the failure to prevail on a claim or claims. Application of the Disciplinary Rule 2-106 criteria in this manner will provide trial judges with objective guidance in the awarding of *805 reasonable attorney fees and allow parties an opportunity for meaningful appellate review, (emphasis added)
Id. at 1151-52. See also Travelers Indemnity Company v. Sotolongo, 513 So.2d 1384 (Fla. 3d DCA 1987).
Accordingly, we reverse the order and judgment awarding attorney’s fees and remand this case for further proceedings not inconsistent herewith.
REVERSED and REMANDED.
DOWNEY and STONE, JJ., concur.