647 So.2d 971 (1994)
Evelyn BLITS and Harold Blits, Appellants,
v.
RENAISSANCE CRUISES, INC., a foreign corporation, Appellee.
No. 93-2096.
District Court of Appeal of Florida, Fourth District.
December 7, 1994.
Rehearing Denied January 18, 1995.
*972 Arnold Y. Kapiloff, of Walker, Walker & Kapiloff, New York City and David R. Lewis, of Isaac & Lewis, P.A., Jacksonville, for appellants.
Curtis J. Mase and Beverly D. Eisenstadt of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, for appellee.
KLEIN, Judge.
Plaintiffs did not accept an offer of judgment, suffered a defense verdict, and now appeal, arguing that the offer of judgment was not in good faith and that the trial court failed to make findings of fact in its award of attorney's fees. The argument that the offer was not in good faith is without merit. The argument that the trial court failed to make sufficient findings of fact in its order awarding attorney's fees has some merit; however, we affirm.
After hearing testimony at an evidentiary hearing on attorney's fees, the court stated on the record that it would award $11,250, and that it arrived at this amount by multiplying 75 hours times $150 an hour. The order itself does not set forth the amount of hours or hourly rate, and plaintiffs argue that it must be reversed under Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985), in which the court stated:
In determining the hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors, the trial court must set forth specific findings. If the court decides to adjust the lodestar, it must state the grounds on which it justifies the enhancement or reduction. In summary, in computing an attorney fee, the trial judge should (1) determine the number of hours reasonably expended on the litigation; (2) determine the reasonable hourly rate for this type of litigation; (3) multiply the result of (1) and (2); and, when appropriate, (4) adjust the fee on the basis of the contingent nature of the litigation or the failure to prevail on a claim or claims. Application of the Disciplinary Rule 2-106 criteria in this manner will provide trial judges with objective guidance in the awarding of reasonable attorney fees and allow parties an opportunity for meaningful appellate review.
We conclude that where, as here, the only findings necessary to arrive at the proper amount are the number of hours reasonably expended and the reasonable hourly rate, the failure to have more explicit findings is harmless error under Rowe. However, we remind trial judges and counsel who often prepare the orders awarding attorney's fees after the court has orally announced its findings, of Rowe's requirements. We see too many appeals in which the only meritorious issue is the court's failure to comply with Rowe. In the present case, however, since there is no contingency factor or adjustment of the lodestar, reversal would serve no useful purpose.
AFFIRMED.
HERSEY and STONE, JJ., concur.