669 So.2d 328 (1996)
Veronica Mary Lyddy MELVIK, Appellant,
v.
Frank MELVIK, Appellee.
No. 95-0499.
District Court of Appeal of Florida, Fourth District.
March 13, 1996.
Russell J. Ferraro, Jr., of Russell J. Ferraro, Jr., & Associates, Stuart, for appellant.
Karen O'Brien of Steger & Steger, P.A., Stuart, for appellee.
*329 PER CURIAM.
The wife appeals the final judgment of dissolution of marriage, claiming error by the trial court in its property distribution award, and its denial of the wife's claim for alimony. We affirm the denial of the alimony claim and reverse the property distribution award.
After dating for about eleven months, the parties married, then separated less than three months later. The wife was fifty-nine years old at the time of the dissolution proceedings, and her prior long-term marriage ended in divorce several years before. When she met the appellee, she was living in a rental apartment and was working as a receptionist earning about $196.00 per week and receiving health and life insurance benefits. Her income was supplemented by alimony of $650.00 per month. Other than the furniture in her apartment (which she disposed of when moving in with the husband), the wife had no substantial assets. The husband was financially secure, and at his instance the wife gave up her job. The husband gave the wife a five-carat diamond engagement ring and a wedding band with emeralds and diamonds. Four months prior to the marriage, the parties contracted to build a home and bought an equity membership in a country club, both paid for by the husband. The house closing, an all cash transaction, took place two months after the parties married. Prior to the marriage, the parties contracted with a decorator with whom the wife selected the furniture and furnishings for the new home. The husband paid for all of those items, about $25,000.00 after the parties married and $50,000.00 before. There was evidence that the wife was capable of employment at the same level as before the wife gave up her last job.
The final judgment entered by the trial court included the following findings: (1) the house and country club membership were paid from the husband's nonmarital funds and considered marital assets subject to equitable distribution; (2) the furniture and furnishings purchased prior to the marriage with the husband's nonmarital funds were considered nonmarital assets not subject to equitable distribution; (3) the furniture and furnishings purchased after the marriage with the husband's nonmarital funds were found to be marital assets subject to equitable distribution; and (4) the wife's engagement and wedding rings were gifts and the wife's sole property. In the trial court's equitable distribution scheme: (1) 100% of the home and country club membership were awarded to the husband; (2) the wife was awarded $9,250.00 of the furniture and furnishings acquired after the parties married, which represented roughly half of the value as reduced by the decorator's commission; and (3) the husband was directed to pay the wife the sum of $665.02 which represented a marital liability. In addition, the trial court denied the wife's claim for permanent periodic alimony.
We find no error in the denial of the alimony claim. The bases for denial of alimony were supported by competent evidence. As the trial court found, the marriage indeed was of very short duration and the wife left the marriage in no worse financial condition than she was in before the marriage. Although she no longer received the alimony from her prior marriage, the loss of alimony from a prior marriage is not a consideration. Wright v. Wright, 509 So.2d 329 (Fla. 3d DCA 1987).
We do not find error in the trial court's separation of each spouse's nonmarital assets and liabilities pursuant to sections 61.075(1) and 61.075(5)(b), Florida Statutes (Supp.1994). The trial court correctly found that the furniture and furnishings acquired before the marriage and purchased with the husband's nonmarital funds were the sole property of the husband. Similarly, the trial court properly found the furniture and furnishings acquired after the parties married to be marital assets subject to equitable distribution and awarded the wife $9,250.00 of these assets, which represented roughly half of the value as reduced by the decorator's commission. We also find no error in the trial court's designation of the wife's engagement and wedding rings as gifts from the husband and the wife's sole property.
We reverse the equitable distribution award. The concept of equitable distribution as enunciated in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), acknowledges that the trial court need not equalize the financial positions of the parties. The general rule, however, is that asset distribution should be *330 equal unless there is justification for a disparity in treatment. A thorough discussion of this concept is set forth in Bobb v. Bobb, 552 So.2d 334 (Fla. 4th DCA 1989), and need not be repeated here.
In this case, there is obvious justification for significant disparate treatment of the house and country club membership which were correctly found to be marital assets. As noted by the trial court, the short-term marriage lasted eighty-nine days before the parties separated, the wife did not financially contribute to the assets and title in the entireties was taken thirty days before the dissolution proceedings were instituted. However, there is no justification to totally eliminate the wife's interest in what were clearly marital assets. This is not an instance where one spouse is awarded the other's entire interest in a marital asset as lump-sum alimony as part of equitable distribution, and is distinguishable from Canakaris.
In addition, we find error in the trial court's holding that "[a]s a result of what the wife is receiving in this action it is inequitable to award any portion of the house or club membership to the wife." It was error for the trial court to consider the wife's premarital property, such as her engagement and wedding rings which were found to be gifts to the wife, in the equitable distribution scheme. See Cole v. Roberts, 661 So.2d 370, 371 (Fla. 4th DCA 1995).
Accordingly, we affirm in part, reverse in part and remand for reexamination of equitable distribution of the marital assets consistent with this opinion. Given the husband's superior financial position, the wife shall be awarded appellate attorney's fees (with appropriate credit for sums already awarded by the trial judge for that purpose) in an amount to be determined by the trial judge.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.
DELL and STONE, JJ., and KAHN, MARTIN D., Associate Judge, concur.