698 So.2d 938 (1997)
GUARDIANSHIP OF Max HALPERT, Appellant,
v.
MARTIN S. ROSENBLOOM, P.A., Appellee.
No. 96-2326.
District Court of Appeal of Florida, Fourth District.
September 10, 1997.
*939 Jonathan A. Heller and Avi J. Litwin of Geiger, Kasdin, Heller, Kuperstein, Chames & Weil, P.A., Miami, for Appellant.
Martin S. Rosenbloom of Martin S. Rosenbloom, P.A., for Appellee.
STONE, Chief Judge.
We reverse an award of attorney's fees, albeit reluctantly, as the order awarding the fees fails to set forth findings as to the time reasonably expended, the hourly rate, or other factors, if any, considered. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). These requirements are mandatory. See, e.g., D & D Hotdogs & Beef, Inc. v. Plantation Fountains Assocs. L.P., 634 So.2d 714 (Fla. 4th DCA 1994); Greer v. Greer, 637 So.2d 381 (Fla. 4th DCA 1994); Gross v. Albertson's, Inc., 591 So.2d 311 (Fla. 4th DCA 1991) (remanding attorney fee order because final judgment did not contain the specific findings required by Rowe); T.G.G. v. P.M.L, 661 So.2d 351 (Fla. 1st DCA 1995)(reversing judgment awarding attorney fees where trial court failed to make specific findings regarding the number of hours appellee's counsel reasonably expended). Compare, Blits v. Renaissance Cruises, Inc., 647 So.2d 971 (Fla. 4th DCA 1994) (failure to make the required findings may be deemed harmless error where the trial court stated on a transcribed record how it had arrived at the attorney fee award by multiplying a designated number of hours by a specified rate per hour).
We do so reluctantly, because the trial court proceedings were not transcribed, and therefore a transcript will not be available to assist the trial court on remand. We are unable to deem the error harmless, as unlike the circumstances in Blits, the required findings do not appear elsewhere in our record.
The failure of Appellant to furnish a transcript does not preclude appellate review in the instant case because reversible error appears on the face of the order. See Casella v. Casella, 569 So.2d 848 (Fla. 4th DCA 1990); Giltex Corp. v. Diehl, 583 So.2d 734 (Fla. 1st DCA 1991). In Giltex, the defendant objected to an order awarding the plaintiff attorney's fees where the order failed to set forth specific findings as to the hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors pursuant to Rowe. However, the defendant failed to submit a transcript of the proceeding. The court held that the lack of a transcript did not preclude appellate review because the order was fundamentally erroneous on its face for failing to make express findings concerning the Rowe factors.
Similarly, in Fowler v. First Federal Savings & Loan Association of Defuniak Springs, 643 So.2d 30 (Fla. 1st DCA 1994) the court reversed an attorney fee award, despite the Appellant's failure to submit a transcript of the hearing, where the final judgment failed to set forth the specific findings required by Rowe. The court reasoned that "[w]hile the award of attorney fees may *940 very well have been based on competent, substantial evidence, the lack of a transcript and the absence of any specific findings in the final judgment supporting the award compels reversal." Id. at 33.
In the instant case, the lack of a transcript does not hinder this court's ability to review the trial court's order, because on its face it fails to satisfy Rowe by not making any specific findings as to hourly rate or number of hours reasonably expended. The order merely provides that, "The Court awards a lump sum for reasonable attorney's fees and costs in the total amount of $3,200.00." Were we writing on a clean slate, we might consider this error harmless, particularly as the award does not involve a multiplier enhancement. At a minimum, we might impose a waiver by the offended party's failure to draw the error to the attention of the trial court. This would have been particularly appropriate here, given the relatively low amount of the award, a little over three thousand dollars.
Unfortunately, a new evidentiary hearing will be required in this case, as this court has previously relinquished jurisdiction to provide the trial court with an opportunity to amend the order with specific findings, however the court was unable to amend its order because of its inability to recall what happened at the initial hearing. Nevertheless, Rowe requires us to reverse and remand the order granting attorney's fees for further proceedings. As to the other issue raised, we affirm on the authority of Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
REVERSED AND REMANDED.
WARNER and SHAHOOD, JJ., concur.