PER CURIAM.
Appellant contends that the trial court erred when it included the furnishings given to her by her parents and her engagement ring as marital assets in equitable distribution. We reverse and remand because her engagement ring is non-marital property.
About one year prior to marriage, appellee gave appellant a diamond engagement ring. Three months before the wedding, appellant’s parents purchased several pieces of furniture. The furniture was delivered to appellant’s apartment after the parties were married. The trial court found that appellant’s parents intended the furniture to be a gift for both parties as spouses. The court also found that the engagement ring was an interspousal gift.
First, we hold that there was competent, substantial evidence to support the trial court’s conclusion that the furniture was intended to be a wedding gift. See Gainesville Bonded Warehouse, Inc. v. Carter, 123 So.2d 336 (Fla.1960). Next, appellee misplaces his reliance on Gill v. Shively, 320 So.2d 415 (Fla. 4th DCA 1975), because here, the parties married. The trial court should not have included the engagement ring as a marital asset. See Melvik v. Melvik, 669 So.2d 328, 330 (Fla. 4th DCA 1996).
Accordingly, we reverse the equitable distribution provisions of the final judgment. We remand and instruct the trial court to conduct further hearings, if necessary, and to redistribute marital assets without inclusion of the engagement ring.
REVERSED and REMANDED.
STONE, C.J., and DELL and STEVENSON, JJ., concur.