PER CURIAM.
Francine Rosen raises fourteen points in her appeal from the final judgment of dissolution of her marriage; Louis Rosen cross-appeals. We reverse as to two points, affirm as to all others with the exception of the attorney’s fee issue which *475 is not ripe for appeal, see Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994), and write to address one issue we believe merits discussion.
The trial court did not err in failing to include written justification for its determination that one-half of the assets originally held in the Charles Schwab account were marital property. Section 61.075(3), Florida Statutes, requires that the trial judge, in a contested dissolution action, include specific findings of fact as to the “distribution of marital assets,” § 61.075(3), Fla. Stat., and written findings as to:
(a) Clear identification of non-marital assets and ownership interests;
(b) Identification of marital assets, including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset;
[[Image here]]
(d) Any other findings necessary to advise the parties or the reviewing court of the trial court’s rationale for the distribution of marital assets and allocation of liabilities.
§ 61.075(3), Fla. Stat. Contrary to the wife’s contention, nothing in the statute requires the trial judge to enter written findings explaining the court’s conclusion that an asset is either marital or non-marital. We find the trial court’s determination to be amply supported by competent substantial evidence; therefore, we will not disturb it on appeal.
The inclusion of the wife’s engagement ring in the parties’ marital assets was error. See Melvik v. Melvik, 669 So.2d 328 (Fla. 4th DCA 1996). Neither the ring, nor the husband’s payment in exchange therefor in accordance with a separate agreement, should be included in the wife’s share of the distribution of marital property.
Finally, the treatment of the credit for repairs to the marital home failed to address the possibility that the husband may spend less than $20,000 for repairs; hence, the final judgment must be modified to limit the credit to one-half of his non-marital asset expenditure.
Accordingly, the final judgment of dissolution is affirmed in part and reversed and remanded for modification in accordance with this decision.
STONE, POLEN, and GROSS, JJ., concur.