774 So.2d 890 (2001)
Lloyd ZUCKER, Appellant/Cross-Appellee,
v.
Donna L. ZUCKER, Appellee/Cross-Appellant.
No. 4D98-2853.
District Court of Appeal of Florida, Fourth District.
January 3, 2001.
*891 Stuart R. Manoff of Stuart R. Manoff, P.A., West Palm Beach, Amy D. Shield of Amy D. Shield, P.A., Boca Raton, and Jane Kreusler Walsh of Jane Kreusler Walsh, P.A., West Palm Beach, for appellant/cross-appellee.
Cynthia L. Greene of Law Offices of Cynthia L. Greene, Miami, and Martin L. Haines, III, Chartered, North Palm Beach (withdrawn after filing brief), for appellee/cross-appellant.
PER CURIAM.
Lloyd Zucker appeals, and Donna Zucker cross-appeals, from a final judgment of dissolution and two orders amending the final judgment. Appellant argues that the trial court erred in calculating the child support award. He also argues it erred by determining appellee was entitled to more alimony than she needs, and by awarding appellee more than $20,000 in attorney's fees. We affirm in part and reverse in part.
In 1983, the parties married in New Jersey. When they met, appellee worked as a nurse and appellant had begun his medical internship. She contributed no money to his medical education or training. They have one son, who was five years old at the time of the final hearing.
In 1994, the parties separated and entered into a property settlement agreement that provided for alimony and child support. The agreement distributed their assets with appellee receiving a lump sum of $30,000 in settlement of her property rights. Appellant then left appellee and moved to Florida. However, in October, 1994, appellee and their son moved to Florida and resumed living with appellant who paid their relocation expenses. The parties began marriage counseling, but in February, 1995, appellant told appellee he was moving out of their home, which he did in May, 1995.
In July, 1995, appellant filed a petition for dissolution of marriage. He claimed that the alimony and child support provisions of the 1994 property settlement agreement should not be enforced because the parties had reconciled. After a hearing, the trial court agreed and ordered that the agreement was abrogated by their reconciliation.
Evidence adduced at the final hearing showed that in 1998, appellant's salary was *892 about $505,000 per year, and had ranged from the time of the marriage to the initial separation from $21,000 to $242,000 per year. It also showed that appellee was thirty-eight years old and, although she was a licensed practical nurse, she had not worked since 1988 because of a back injury suffered on the job.
David Ellrich, a forensic accountant, testified that in 1997 appellant's net monthly income was $27,701. He also testified that appellee's needs, which included raising her child, totaled $8,743 per month after taxes. This figure did not include an allocation for vacations, hobbies, or the child's after-school activities. He explained that if appellee were paid $10,000 per month in alimony, she would receive about $6,700 per month after taxes. This figure coupled with $2,000 per month in child support, would provide $8,700 for her living expenses.
The trial court found that appellant's net monthly income was $27,000 and appellee's was zero. It ordered appellant to pay appellee $2,322 per month in child support based on the 1995 child support guidelines and $11,000 per month as permanent periodic alimony. It computed the alimony, as follows:
Mr. Ellrich testified that the Wife's expenses are approximately $8,750 per month. Mr. Ellrich indicated that the Wife must receive $11,000 pre-tax dollars to equal the needed $8,750 per month post tax amount. Therefore, the Court awards to the Wife the sum of $11,000.00 per month permanent periodic alimony....
The trial court also ordered appellant to pay appellee $20,000 in attorney's fees in accordance with her attorney's retainer contract. Appellee's attorney had sought additional fees, but the trial court ruled that under her modified fee agreement she was not obligated to pay those fees because she was unable to pay them. On rehearing, however, the trial court changed its ruling and ordered appellant to pay $43,225.25 in attorney's fees and $1,809.94 in costs. This timely appeal followed.
Appellee concedes that the trial court erred in calculating child support. Here, the trial court applied the 1995 guidelines even though this case was pending when the 1996 amended version became effective.[1] The 1996 amended guidelines required that, for the purpose of calculating child support, the wife's alimony should be included in her income and that the husband's gross income should be reduced by his alimony obligation to the wife. § 61.30(2)(a)9., (3)(g), Fla.Stat. (1996).
A trial court must apply the child support guidelines as amended to a case that is pending when the amendment becomes effective. See e.g., Whight v. Whight, 635 So.2d 135, 138 (Fla. 1st DCA 1994). We therefore reverse for recalculation of the amount of child support.
Appellant also contends that the trial court erred by awarding more alimony than appellee needs. Although the trial court's award appears to exceed Mr. Ellrich's calculations as to appellee's needs, the record shows that his figures did not include allocations for vacations, hobbies and after-school activities. The record also shows that appellant can meet his needs and his obligations for alimony and child support. Although the alimony award is within the trial court's discretion, because we cannot reconcile the amount of alimony awarded with the expert testimony, we remand with leave to the trial court to reconsider the amount of its alimony award.
Appellant further contends that appellee's attorney's fee award should be limited to $20,000 because her fee agreement contained the following modified language:
The balance, in the amount of $20,000, shall be deposited in [attorney's] Trust *893 account and applied toward the statements for attorney fees and costs, as hereinafter provided, and shall be replenished on a monthly basis, within twenty (20) days of the date of the receipt of the bi-monthly statement, for services rendered and costs incurred for the proceeding month.
Sixty (60) days before trial, I will pay an additional retainer in an amount to be determined by [attorney] ... if determined able....
If bills are not paid when due, or a mutually agreeable payment schedule is will be not made. and adhered to, I agree that my attorneys may withdrawal as my counsel in any proceeding in which they represent me. Also, I agree to bear the cost of collection, including a reasonable attorney fee, and all other costs....
(deletions in original). Notwithstanding the above modifications, the fee agreement expressly provides that appellee will pay a reasonable attorney fee based on comparable factors as set forth by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). The trial court correctly concluded that the retainer provisions contained in the fee agreement did not modify appellee's responsibility to pay a reasonable fee based on the terms and conditions set forth therein.
However, we reverse the attorney's fees award because the trial court failed to make the requisite Rowe findings. "It is well-settled that in determining the proper amount of attorney's fees based on a contract, the trial court must set forth specific findings as to the hourly rate, number of hours reasonably expended, and appropriateness of the reduction or enhancement factors." Wolfe v. Nazaire, 758 So.2d 730, 733 (Fla. 4th DCA 2000). Therefore, we reverse the attorney's fee award and remand for the trial court to redetermine the amount of fees to be awarded after making the required findings, with leave to enter the same award if the Rowe factors justify the amount. See Wolfe v. Nazaire, 713 So.2d 1108, 1109 (Fla. 4th DCA 1998).[2]
Finally, appellee has failed to demonstrate reversible error or an abuse of discretion in the points raised on cross-appeal.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DELL, STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] Ch. 96-305, § 3, Laws of Fla.
[2] We further note that the husband raised an issue relating to the award of forensic accountant's fees to former wife for services performed by Joseph Willis. However, that issue was settled by the parties.