833 So.2d 261 (2002)
SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY, Appellant,
v.
Sarah L. HOOVER, individually and as Personal Representative of the Estate of Robert R. Hoover, deceased, Appellee.
Nos. 4D01-3020, 4D01-3681.
District Court of Appeal of Florida, Fourth District.
December 26, 2002.
Leonard E. Ireland, Jr. of Clayton-Johnson, P.A., Gainesville, for appellant.
Robert J. Gorman of Robert J. Gorman, P.A., Fort Pierce, for appellee.
PER CURIAM.
The defendant, Southern Farm Bureau Life Insurance Company, appeals a jury verdict, awarding the plaintiff proceeds from a life insurance policy. The plaintiff has cross-appealed the award of attorney's fees to the defendant on the civil theft claim. Numerous issues have been raised. We affirm the underlying judgment and the award of prejudgment interest. We reverse the award of attorney's fees and remand the case to the trial court for entry of an order in conformance with Fla. Patient's Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985) and Executive Square, Ltd. v. Delray Executive Square, Ltd., 553 So.2d 803, 804 (Fla. 4th DCA 1989).
The trial court awarded attorney's fees to both the plaintiff, pursuant to Section 627.428(1), Florida Statutes (2001), and the defendant, pursuant to Section 812.035(7), Florida Statutes (2001). As to the opposing party, both sides argue that the attorney's fee order fails to contain the requisite findings of fact and further argue that the record is insufficient to support the fee awards.
We agree that the order is insufficient. First, as it pertains to each attorney, the order fails to contain the amount of time reasonably spent in the litigation and it further fails to state their hourly rates. Rowe, 472 So.2d at 1151; Blits v. Renaissance Cruises, Inc., 647 So.2d 971 (Fla. 4th *262 DCA 1994). And second, the order includes a contingency risk multiplier, but fails to state the grounds justifying its use. See Executive Square, Ltd., 553 So.2d at 804. Both of these deficiencies must be corrected on remand.
We disagree, however, that the record is insufficient to support some form of attorney's fees award. We have thoroughly reviewed the transcript of the attorney's fees hearing. The record is replete with testimony and documentary evidence. However, the absence of written findings in the order coupled with a lack of verbal findings on the record requires a reversal. Compare Blits, 647 So.2d at 972 (a written order's deficiencies may be harmless if the requisite findings are pronounced by the judge on the record).
In all other respects the underlying judgment is affirmed. The case is remanded for further proceedings.
STONE, HAZOURI and MAY, JJ., concur.