843 So.2d 1036 (2003)
Orit SIMHONI, as Guardian of the property of Benjamin Schleider, Appellant,
v.
Linda CHAMBLISS, Esq., Appellee.
No. 4D02-425.
District Court of Appeal of Florida, Fourth District.
May 7, 2003.
*1037 Steven M. Greenberg of Steven M. Greenberg, P.A., Pembroke Pines, for appellant.
No brief filed for appellee.
PER CURIAM.
The trial court's order awarded $17,865.00 in attorney's fees for the representation of a guardianship. The order did not make specific findings regarding the number of hours spent by the attorney in the representation and a reasonable hourly fee.
It is well-settled that an award of attorney's fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved. See Zucker v. Zucker, 774 So.2d 890, 893 (Fla. 4th DCA 2001); Tutor Time Merger Corp. v. MeCabe, 763 So.2d 505, 506 (Fla. 4th DCA 2000); Rodriguez v. Campbell, 720 So.2d 266, 267 (Fla. 4th DCA 1998); Guardianship of Halpert v. Rosenbloom, 698 So.2d 938, 939 (Fla. 4th DCA 1997). The trial court did not state on the record the number of hours and the rate it used to arrive at the final award. But cf. Blits v. Renaissance Cruises, Inc., 647 So.2d 971, 972 (Fla. 4th DCA 1994) (holding that where court stated on record it would award $11,250 and that it derived this number by multiplying seventy-five hours times $150.00 an hour, reversal was not required, despite the lack of findings in the written order).
Addressing the other point raised by appellant, we note that appellant did not object to appellee's failure to call an expert at the fees hearing, thereby failing to preserve that issue for appellate review. The record does not support appellant's claim that the trial court denied appellant an opportunity to present her testimony; the trial court did not want to hear unsworn arguments, preferring "testimony... under oath."
We reverse and remand to the trial court for the entry of a written order containing the necessary findings. The court need not hold a new evidentiary hearing if it is able to enter a written order from its notes or a transcript of the original fees hearing.
POLEN, C.J., KLEIN and GROSS, JJ., concur.