STRINGER, Judge.
Low Cost Auto Pawn, Inc. (“Pawn”) seeks review of the final summary judgment that awarded Jeanette Greco $32,656 plus interest plus attorney’s fees and costs and imposed a lien over Ralph E. Lang’s homestead property for the entire amount. We affirm entry of the summary judgment as to liability and damages, but reverse the imposition of an equitable lien on Lang’s homestead property and the attorney’s fee and cost awards.
Greco initially filed suit against Pawn and Lang, alleging a variety of causes of action all arising out of a transaction between Greco and Pawn and a separate entity, the S-P Trust.[1] In August 1995 Greco entered into an encumbrance of title and lien agreement with Pawn, and Greco simultaneously entered into a separate marketing agreement with the S-P Trust. Under the marketing agreement Greco was obligated to pay the S-P Trust certain sums, and under the encumbrance of title and lien agreement the payment of those sums was secured by a lien on Greco’s vehicle. Greco was also paid $1000 pursuant to the encumbrance of title and lien agreement.
When Greco failed to make the payments due under the marketing agreement, Pawn repossessed her vehicle and sold it at auction. After various amendments to her pleadings, Greco’s fourth amended complaint sought damages under theories of bailment, conversion, unfair and deceptive trade practices, usury, and for an illegal debt. Greco asserted that the two agreements actually constituted an illegal loan agreement between Greco and Pawn, whereby Greco obtained a $1000 loan from Pawn and the loan was secured by a lien against Greco’s vehicle. Pawn and Lang maintained that the transaction was not a loan agreement but was a contract for the marketing of Greco’s vehicle.
Greco also asserted that Lang should be held personally liable for the actions of Pawn because Pawn was a mere instrumentality of Lang and Pawn was used for an illegal purpose. Greco sought the imposition of an equitable lien over homestead property owned by the Ralph E. Lang, Jr. Inter Vivos Trust, alleging that Lang, as trustee of the Ralph E. Lang, Jr. Inter Vivos Trust, used the illegal funds Pawn received from Greco for the benefit of the property. The trial court ultimately granted Greco’s motion for summary judgment and entered a judgment awarding Greco damages in the principal amount of $32,656, plus prejudgment interest, along with attorney’s fees and costs. The judgment also imposed a lien over Lang’s homestead property for the total sums due.
On appeal, Pawn argues that the trial court erred in (1) granting Greco’s motion for summary judgment, (2) imposing an equitable lien over Lang’s property, and (3) awarding attorney’s fees and costs. We affirm all aspects of the summary judgment relating to liability without comment. However, we reverse the imposition of an equitable lien over Lang’s homestead property and the attorney’s fee and cost awards.
*770 We conclude that the trial court erred in imposing an equitable lien over Lang’s homestead property because there is a genuine issue of material fact regarding whether Lang used the illegal proceeds he obtained from Greco to invest in, improve, or purchase a homestead. See Havoco of Am., Ltd. v. Hill, 790 So.2d 1018, 1028 (Fla.2001). The trial court based the imposition of the lien on Lang’s admission that he deposited the proceeds in a personal bank account that he used to pay for property taxes and some small improvements on the homestead. However, it is not clear that the proceeds obtained from Greco were the only source of money in the account. Thus, Lang may have paid his property taxes and made “improvements” using money that was not a proceed from illegal conduct.
We also conclude that the trial court erred in awarding Greco attorney’s fees based solely on the contract for contingency attorney’s fees. Pawn correctly argues that the trial court was required to consider the guidelines set forth for determining the reasonableness of attorney’s fees in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), in addition to the contract for contingency attorney’s fees. Because the trial court failed to make findings regarding the Rowe factors, reversal is required. See Lara v. Fortune Ins. Co., 545 So.2d 909, 910 (Fla. 2d DCA 1989); S. Farm Bureau Life Ins. Co. v. Hoover, 833 So.2d 261, 261-62 (Fla. 4th DCA 2002). On remand, the trial court shall also recalculate the amount of costs because the cost award erroneously includes a portion of attorney’s fees. See Jones v. ETS of New Orleans, Inc., 793 So.2d 912, 915 (Fla.2001) (holding that, as a general rule, only taxable costs should be included in a cost judgment). Greco concedes error on this point.
In conclusion, we find that the trial court did not err in entering summary judgment as to liability and damages. However, there is a genuine issue of material fact regarding whether the imposition of an equitable lien over Lang’s homestead property is proper, and a hearing on the matter is thus required. Additionally, the attorney’s fee and cost awards were erroneously entered without a determination of reasonableness.
Affirmed in part, reversed in part, and remanded.
FULMER and NORTHCUTT, JJ., Concur.

. Lang is the trustee and sole beneficiary of the S-P Trust.