PER CURIAM.
Kelli C. Malone, the former wife, challenges an amended final judgment of dissolution of marriage on several grounds. We affirm the issues raised regarding visitation, calculation of child support, and imputation of income. However, we reverse the distribution of an engagement ring and certain credit card debt.
The trial court considered the value of the engagement ring given to the former wife prior to the marriage as a marital asset; this was error. See Rosen v. Rosen, 738 So.2d 474 (Fla. 4th DCA 1999); Greenberg v. Greenberg, 698 So.2d 938 (Fla. 4th DCA 1997); Melvik v. Melvik, 669 So.2d 328 (Fla. 4th DCA 1996). Furthermore, the trial court included as a marital liability credit card debt incurred by the former husband on his Chase MasterCard which he admitted was not marital debt. Accordingly, the amended final judgment of dissolution is reversed as to the allocation in the equitable distribution scheme of these items. A corrected judgment shall be entered on remand which removes from the former wife’s list of assets the value ($8,000) of the engagement ring and which removes from the former husband’s list of liabilities his Chase MasterCard debt ($8,156); these corrections require a corresponding correction of the “equalization payment” ordered to be paid by the former wife.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
BROWNING, HAWKES and THOMAS, JJ., concur.