973 So.2d 1243 (2008)
Wendy J. NOLAN, Appellant,
v.
James NOLAN, Appellee.
No. 4D06-2665.
District Court of Appeal of Florida, Fourth District.
January 30, 2008.
Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach, for appellant.
Jeanne C. Brady of Brady & Brady, P.A., and Joel H. Feldman of Feldman & Schneiderman, PL, Boca Raton, for appellee.
WARNER, J.
The wife appeals various aspects of a final judgment of dissolution of marriage and the equitable distribution of property. We affirm all awards except onethe award to the husband of all of the marital furnishings of the home.
Both parties agreed that the marital home furnishings were a marital asset to be divided. In its ruling, the trial court adopted the husband's accountant's equitable distribution plan. That plan showed an equal division of the marital household furnishings, which were not appraised by the parties. This was also consistent with the way the wife's accountant handled the furnishings and how the parties addressed them in closing argument. Nevertheless, the court awarded the furnishings to the husband in the written final judgment yet attached the schedule of distribution which showed the home furnishings to be equally divided, In its oral ruling, the court referred to the schedule and noted, incorrectly, that it assigned the furnishings to the husband alone. It appears that the trial court simply made a mistake in reading the equitable distribution schedule.
*1244 In dividing "marital assets and liabilities between the parties, the court must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution. . . ." § 61.075(1), Fla. Stat. (2006). See also Melvik v. Melvik, 669 So.2d 328, 329-30 (Fla. 4th DCA 1996) ("asset distribution should be equal unless there is justification for a disparity in treatment"). The award of all of the furnishings to the husband would result in an unequal division without justification, and it is apparent from the distribution that the court did not intend an unequal distribution of assets. Although the parties did not appraise them, evidence of their value ranged from $36,800 to $500,000, neither of which constitutes de minimis value in this case. It appears that the parties did not appraise this asset, because both sides contemplated the equal division of the furnishings, as reflected in both of their accountants' proposed distribution of assets.
We conclude that the court abused its discretion in awarding the furnishings solely to the husband, which is contrary to its intent to follow the schedule prepared by the husband's accountant. We reverse and remand for the trial court to equally divide the furnishings in accordance with the equitable distribution plan of the husband's accountant, which the trial court adopted in its final judgment, and for further proceedings to effectuate the equitable division of these assets. In all other respects we affirm the final judgment.
Affirmed in part, reversed in part, and remanded with directions.
FARMER, J., and CONNER, BURTON C., Associate Judge, concur.