ALTENBERND, Judge.
Katharine Randall, the Former Wife, appeals from a final judgment of dissolution of her marriage to the Former Husband, Steven Randall. We agree with the Former Wife that the trial court erred in requiring her to return her engagement ring to the Former Husband after he had listed the ring as her nonmarital property. Accordingly, we reverse that portion of the judgment requiring the Former Wife to return the engagement ring to the Former Husband, and we remand for further proceedings consistent with our opinion.
This dissolution proceeding was filed in 2006 and was pending for two years before the trial court entered the final judgment. The parties were able to resolve most of their differences prior to trial. As a result, no party received alimony. By the time the trial court entered the final judgment, the parties had no joint assets and had placed liabilities into their individual names except for some liabilities relating to children’s expenses. Thus, the trial court was not required to perform any significant equitable distribution. Section 6 of the Final Judgment of Dissolution, entitled “Personal Property,” provides:
The parties have divided all personal property satisfactorily, with the exception of the [Former Wife’s] diamond engagement ring which was the Father’s family heirloom. Wife shall return this ring to the Husband, who shall not be entitled to sell the ring, but may keep it to give to his children as he sees fit.
Regarding this ring, the Former Husband’s financial affidavit lists an item labeled as “Grandmother[’]s Diamond Ring” as the Wife’s nonmarital property. The affidavit places the value on that ring at $6000.
The Former Wife argues that the engagement ring was given to her “in consideration of her agreement to marry” and that she received the ring before the marriage as part of the agreement she fulfilled when she married the Former Husband. She also maintains that the ring was her nonmarital property.
Section 61.075(1), Florida Statutes (2007), provides that “[i]n a proceeding for dissolution of marriage, ... the court shall set apart to each spouse that spouse’s nonmarital assets and liabilities.” The general rule is that an engagement ring is nonmarital property. See, e.g., Malone v. Malone, 929 So.2d 541, 541 (Fla. 1st DCA 2006); Rosen v. Rosen, 738 So.2d *819 474, 475 (Fla. 4th DCA 1999); Melvik v. Melvik, 669 So.2d 328, 330 (Fla. 4th DCA 1996). In Melvik, the court explained that “[i]t was error for the trial court to consider the wife’s premarital property, such as her engagement and wedding rings which were found to be gifts to the wife, in the equitable distribution scheme.” 669 So.2d at 330. The rationale underlying these cases appears to be that an engagement ring is a gift made upon the implied condition that a marriage ensue. See Gill v. Shively, 320 So.2d 415, 416 (Fla. 4th DCA 1975). This reasoning comes from actions in replevin brought by rejected husbands-to-be who seek the return of their engagement gifts. See id.
The trial court in this case did not actually treat the ring as part of an equitable distribution scheme. Instead, it treated the ring as an “heirloom,” which the parties should not sell, but rather should give to the children as the Former Husband saw fit.[1] Despite the arguable Solo-monic character of this decision, there is nothing in Florida law to authorize special treatment of “heirloom” property. Especially in light of the general rule that an engagement ring, as a gift, is nonmarital property, we conclude the trial court erred in ordering that the ring be returned to the Former Husband over the objection of the Former Wife. We reverse that portion of the order and remand for further proceedings consistent with our opinion.
KELLY and MORRIS, JJ., Concur.

. The two children of this marriage are both females, and it is unclear what, if any, plan the Husband had for the distribution of this ring.