PERKINS, T.R., Associate Judge.
Linda Bishop (“Bishop”) appeals a judgment entered against her, awarding attorney’s fees to Cheryl Ann Rossi (“Rossi”), the personal representative of the estate of the deceased Edward C. Rossi. Bishop argues that the trial court erred by entering the judgment because it failed to hold an evidentiary hearing to determine entitlement and the reasonable amount of attorney’s fees awarded under Florida Probate Rule 5.080. For the reasons expressed, we affirm the trial court’s finding of entitlement to attorney’s fees, but reluctantly reverse and remand the case back to the trial court to determine the reasonable amount of such fees.
Under rule 5.080, the probate court has broad discretion to assess attorney’s fees and costs associated with discovery against a party or beneficiary of an estate. It is clear from the record that the trial court conducted a hearing on Rossi’s request for fees and costs. Moreover, the trial court stated in its order that it heard argument of counsel and testimony of the parties on the issue. Unfortunately, the order does not detail the evidence offered or the court’s specific findings in support of the fees awarded. Making matters more difficult, Bishop has not provided this Court with a transcript or transcript substitute of the hearing during which the trial court addressed Rossi’s motion for attorney’s fees and costs. As a consequence, it is not possible to review the evidence and/or testimony, if any, Rossi presented in support of her motion. Rossi did attach invoices to her motion, and the amount awarded by the trial court does appear to be the same as the total of those invoices.
 In awarding attorney’s fees, the trial court made two distinct findings; first, entitlement to fees and, second, the reasonable amount of such fees. Entitlement to attorney’s fees is largely a question of law. While specific factual findings are helpful when reviewing a determination of entitlement, such findings are not essential where, like here, “entitlement to attorney’s fees is based on the interpretation of contractual provisions ... or a statute ... as a pure matter of law....” Hinkley v. Gould, Cooksey, Fennell, O’Neill, Marine, Carter & Hafner, P.A., 971 So.2d 955, 956 (Fla. 5th DCA 2007).
*237 However, where the court sets the amount of the fee, “[t]he law is clearly established that an award of attorney’s fees ‘must ... contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved.’ ” Quality Holdings of Fla., Inc. v. Selective Invs., IV, LLC, 25 So.3d 34, 37 (Fla. 4th DCA 2009) (citations omitted) (emphasis added). This lodestar method of determining reasonable attorney’s fees, adopted by our state Supreme Court in Florida Patient’s Comp. Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), applies equally to probate matters. See In re Estate of Platt, 586 So.2d 328, 335 (Fla.1991). Because the trial court here did not make written findings in the order in which it awarded $9,870.00 worth of attorney’s fees against Bishop, it is not possible to ascertain from the face of the order whether the trial court considered and determined the reasonable number of hours expended and the reasonable hourly rate(s).
Faced with the same inadequacy in an award of attorney’s fees to a guardian, the court in Simhoni v. Chambliss, 843 So.2d 1036, 1037 (Fla. 4th DCA 2003) reversed and remanded to the trial court for the entry of a written order containing the necessary findings, providing: “The court need not hold a new evidentiary hearing if it is able to enter a written order from its notes or a transcript of the original fees hearing.” Id. The court explained:
It is well-settled that an award of attorney’s fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved. See Zucker v. Zucker, 774 So.2d 890, 893 (Fla. 4th DCA 2001); Tutor Time Merger Corp. v. MeCabe, 763 So.2d 505, 506 (Fla. 4th DCA 2000); Rodriguez v. Campbell, 720 So.2d 266, 267 (Fla. 4th DCA 1998); Guardianship of Halpert v. Rosenbloom, 698 So.2d 938, 939 (Fla. 4th DCA 1997).

Id.

In Guardianship of Halpert v. Rosenbloom, 698 So.2d 938 (Fla. 4th DCA 1997), the Fourth District Court of Appeal reversed an award of attorney’s fees, albeit reluctantly, as the order awarding the fees failed to set forth “findings as to the time reasonably expended, the hourly rate, or other factors, if any, considered.” Id. at 939. The court explained that no transcript existed of the hearing and neither the order nor record contained any of the specific findings required by Rowe.
While Bishop has not provided a transcript or transcript substitute of the hearing during which the trial court addressed Rossi’s motion for attorney’s fees and costs, the lack of a transcript or transcript substitute does not hinder this Court’s review of the order because reversible error appears on the face of the order, namely the lack of written findings regarding the reasonable number of hours expended and reasonable hourly rate(s). Nor does the record contain any such findings. Accordingly, like the court in Guardianship of Halpert, we reluctantly reverse and remand this matter back to the trial court for a written order expressly finding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved.
AFFIRMED in part; REVERSED in part; and REMANDED.
EVANDER and BERGER, JJ., concur.