DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TROY W. KLEIN,**
Appellant,

v.

**ALAN D. ROMAN** and **DEBORAH W. ROMAN,**
Appellees.

Nos. 4D15-4783 and 16-1880

[September 6, 2017]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Suskauer, Judge; L.T. Case No. 2008DR001975XXXXMB.

Troy W. Klein of Law Office of Troy W. Klein, P.A., West Palm Beach, pro se.

Jeffrey S. D'Amore and Rosemarie W. Guerini of D'Amore Law Firm, P.A., Palm Beach Gardens, for appellee Alan D. Roman.

Jill G. Weiss of Jill G. Weiss, P.A., Palm Beach Gardens, for appellee Deborah W. Roman.

FORST, J.

Appellant Troy Klein makes several arguments on appeal related to the trial court's order granting Appellee Alan Roman's motion to release Appellant's charging lien and award sanctions. We write only to address two of Appellant's arguments on appeal: (1) whether the trial court erred by awarding attorney's fees to Appellee without eliciting the testimony of an independent expert, and (2) whether the court erred by failing to expressly apply the "lodestar" method to calculate those fees. We find the first argument meritless, but reverse the second. We affirm all other issues on appeal without discussion.

## Background

Appellant was the attorney for Appellee's former wife in a dissolution of marriage proceeding. Because of unpaid attorney's fees owed under a

contract with Appellee's former wife, Appellant filed a notice of charging lien asserting an interest in the former wife's two homes.  However, as part of the marital settlement agreement, Appellee received one of the properties.

When Appellee sought to sell that property, he learned of the lien and sent a letter to Appellant demanding a release, to no avail.  Appellee subsequently filed a motion to release the lien and award sanctions.  The trial court held a hearing at which Appellee's counsel testified regarding the amount of attorney's fees he incurred in the effort to have the lien removed.  Counsel submitted an affidavit detailing his hourly rate, the number of hours worked, and the type of work he had done.

The trial court granted Appellee's motion, and ordered Appellant to release the charging lien and to pay Appellee $5,146.50 in attorney's fees.  Afterwards, Appellant submitted a motion for rehearing, making almost all the same arguments he now makes on appeal.  The trial court denied the motion.

**Analysis**

"The standard of review of an award of attorneys' fees is abuse of discretion." *Diwakar v. Montecito Palm Beach Condo. Ass'n.*, 143 So. 3d 958, 960 (Fla. 4th DCA 2014).  The award must be supported by competent, substantial evidence.  *Id.*

Appellant first argues that the trial court's award of attorney's fees was erroneous given that Appellee "failed to present any independent expert testimony regarding the reasonableness of the attorney's fees being sought despite the well-established legal requirement to do so."  We need not consider the merits of Appellant's argument, as it was unpreserved. Appellant failed to make a timely, contemporaneous objection at the fee hearing regarding Appellee's failure to provide independent expert testimony.  *See San Pedro v. Law Office of Paul Burkhart*, 168 So. 3d 299, 300 (Fla. 4th DCA 2015) ("To the extent that Appellants now contest the admission of the exhibits and the lack of testimony, those arguments were waived when Appellants failed to object at the hearing."); *Diwakar*, 143 So. 3d at 960 ("To the extent Diwakar argues on appeal that the attorneys' fee award was erroneous in the absence of testimony from a fees expert plus the attorney who performed the work, the argument was waived when Diwakar failed to object at trial."); *DM Records, Inc. v. Turnpike Commercial Plaza, Phase II, Condo. Ass'n*, 894 So. 2d 1030, 1031 (Fla. 4th DCA 2005) ("If we were to allow these issues to be raised for the first time on appeal,

2

where there was no objection in trial court, it would be unfair to the party seeking fees and the trial judge and result in unnecessary appeals.").

Even if the issue had been preserved, Section 61.16(1), Florida Statutes (2016), appears to control, given the nature of the underlying case from which this award of attorney's fees stems.[1]  Under that statute, "[a]n application for attorney's fees, suit money, or costs, whether temporary or otherwise, *shall not require corroborating expert testimony in order to support an award under this chapter*."  § 61.16(1), Fla. Stat. (2015) (emphasis added).

Although we affirm the first issue, we reverse the second.  As both parties correctly recognize, the trial court erred by failing to expressly apply the lodestar method when calculating the amount of attorney's fees in its order.  "It is well-settled that an award of attorney's fees must . . . contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved." *Simhoni v. Chambliss*, 843 So. 2d 1036, 1037 (Fla. 4th DCA 2003).  There, because the trial court failed to include an express lodestar calculation, we reversed and remanded for the trial court to enter a new written order containing the necessary calculation.  *Id.*  We do the same here.  We also note, as we did in *Simhoni*, that "[t]he court need not hold a new evidentiary hearing if it is able to enter a written order from its notes or a transcript of the original fees hearing."  *Id.*  Appellee's counsel's affidavit detailing why he charged $5,146.50 in fees should enable the court to enter a new written order without holding a new hearing.

## Conclusion

Because the trial court failed to expressly calculate its attorney's fees award by way of the lodestar method, we reverse and remand for the trial court to enter a new written order.  The trial court's order is otherwise affirmed.

*Affirmed in Part, Reversed and Remanded in Part.*

GERBER, C.J., and WARNER, J., concur.

*          *          *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Chapter 61 governs the award of attorney's fees in dissolution of marriage, support, and time-sharing cases.