EDWARDS, J.
Elizabeth Moody ("Former Wife") appeals the Final Judgment of Dissolution of Marriage. Specifically, she argues the lower court erred in: (1) treating her engagement and wedding rings as marital assets; (2) arriving at an improper equitable distribution scheme; (3) imputing an improperly low income to Robert Newton ("Former Husband"); (4) failing to award her the marital home; (5) failing to award her durational alimony; and (6) failing to award her attorney's fees. For the reasons set forth below, we affirm in part and reverse in part.
*294 First, Former Wife argues the court erred in classifying her wedding ring as a marital asset. Generally, engagement and wedding rings are gifts to the wife and should not be included in the equitable distribution scheme. Randall v. Randall , 56 So.3d 817, 818 (Fla. 2d DCA 2011) ("The general rule is that an engagement ring is nonmarital property."); Melvik v. Melvik , 669 So.2d 328, 330 (Fla. 4th DCA 1996) ("It was error for the trial court to consider the wife's premarital property, such as her engagement and wedding rings which were found to be gifts to the wife, in the equitable distribution scheme."). At trial, Former Wife testified that the "ring" actually consisted of three rings, the most valuable of which was the engagement ring with a 2.2 carat stone, a wedding ring, and a third band that she valued at $ 1000, which they purchased a year after their wedding. Given the evidence presented at trial, it was error to treat the engagement ring and wedding ring as marital property subject to equitable distribution. On remand, the trial court shall enter an amended judgment excluding the engagement ring and wedding ring from equitable distribution. The third ring, which Former Wife valued at $ 1000, should be classified as a marital asset, unless the parties stipulate otherwise.
Second, Former Wife argues that the court arrived at improper values for the parties' two cars, Former Husband's utility trailer, and the marital home. Although Former Wife makes this argument on appeal, she failed to preserve the issue below. Because the alleged error first appeared in the final judgment, Former Wife was required to bring this matter to the lower court's attention in a motion for rehearing. See Hamilton v. R.L. Best Int'l , 996 So.2d 233, 234 (Fla. 1st DCA 2008). While she did move for rehearing, she failed to raise any issue with these particular assets. See Hentze v. Denys , 88 So.3d 307, 311 (Fla. 1st DCA 2012) ("Although the former husband did file a motion for rehearing, it did not address the issue of statutory interest."). We find that Former Wife waived these arguments; accordingly, we affirm as to these valuation issues.
Third, Former Wife argues that the court erred in imputing such a low income to Former Husband. Former Husband was self-employed as a long-haul trucker who had voluntarily become underemployed after the petition for dissolution was filed. Former Husband presented his tax returns as evidence that his gross income, ranging from $ 163,000 to $ 184,000 per year, was greatly reduced by operating expenses, fuel, and maintenance, resulting in net income ranging from $ 14,500 per year to a loss of $ 450 per year. The trial court found Former Husband's tax returns incredible. Former Husband's financial affidavits reflected his net business income ranged from $ 1100 to $ 1550 per month. Former Wife argued that the trial court should consider his reported gross income, but she offered no evidence of appropriate operating expense reductions. Ultimately, the trial court determined Former Husband's annual net income to be $ 31,200. The trial court based that determination on "the standard of living established by the family during the marriage and the contribution [Former Husband] provided to the family expenses."
"Florida case law has long recognized that self-employed spouses, in contrast to salaried employees, have the ability to control and regulate their income. Their testimony, tax returns, and business records accordingly may not reflect their true earnings, earning capability, and net worth." Newman v. Newman , 221 So.3d 642, 644 (Fla. 4th DCA 2017) (quoting *295 Ugarte v. Ugarte , 608 So.2d 838, 840 (Fla. 3d DCA 1992) ). "Thus, when the circumstances suggest that a self-employed spouse has not accurately reported his or her income, the court may properly assign a higher income value than that claimed by the spouse." Id. (citing Child v. Child , 34 So.3d 159, 161 (Fla. 3d DCA 2010) ). By finding Former Husband's reported income incredible, the court implicitly found that he did not accurately report his income. We conclude that the court did not abuse its discretion in imputing to Former Husband a net income of $ 31,200 per year.
Fourth, Former Wife argues that the court erred in failing to award her exclusive use and possession of the marital home until the couple's child reaches the age of majority. Cases "have almost without exception" awarded the exclusive use and possession of the marital home to the custodial parent until the minor child reaches majority. Cabrera v. Cabrera , 484 So.2d 1338, 1339 (Fla. 3d DCA 1986). Here, the court found the parties were unable to maintain their marital lifestyle, having incurred over $ 100,000 in marital debts, and that, with her limited income, it was unlikely Former Wife would be able "to afford and maintain the home over an extended period." See § 61.075(h), Fla. Stat. (2017) (stating that it must be "financially feasible for the parties to maintain the residence until the child is emancipated"). We find the lower court did not abuse its discretion based on the evidence before it.
Finally, as to the issues of durational alimony and attorney's fees, we affirm without further discussion.
Therefore, we affirm as to all issues except the equitable distribution of the rings. Upon remand, the lower court shall reconsider the equitable distribution scheme after reclassifying the engagement and wedding rings as non-marital assets.
AFFIRMED in part, REVERSED in part and REMANDED with instructions.
WALLIS and LAMBERT, JJ., concur.