287 So.2d 133 (1973)
Chester T. WELDON, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-472.
District Court of Appeal of Florida, Third District.
December 21, 1973.
Rehearing Denied January 21, 1974.
*134 Phillip A. Hubbart, Public Defender, and Mark King Leban, Asst. Public Defender, and Kurt Marmar, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The appellant was tried upon an information charging him with the felony of uttering a worthless check. After trial before the court without jury, the court reduced the charge to a misdemeanor and found the appellant guilty. The court withheld the entry of adjudication of guilt and placed the defendant on probation for a period of two and one half years.
On this appeal, the defendant has presented three points for our review. The first urges that the trial court erred in denying defendant's motion for judgment of acquittal because the evidence was legally insufficient to prove intent. In light of the record, we find that this point does not establish error. It should be remembered that when a defendant moves for a directed verdict of acquittal, he admits all facts in evidence and every conclusion favorable to the State fairly and reasonably inferable therefrom. See Holland v. State, 129 Fla. 363, 176 So. 169 (1937); Devlin v. State, Fla.App. 1965, 175 So.2d 82. Whether the defendant issued the check involved herein with knowledge that there were insufficient funds and with the requisite intent to defraud may be determined from the circumstances.
Appellant's second point urges error upon the ground of the alleged unconstitutionality of Fla. Stat. § 832.05(6), F.S.A., which provides that "... the drawing, making, uttering or delivering of a check, draft or written order, payment of which is refused by the drawee, shall be prima facie evidence of knowledge of insufficient funds in or credit with such drawee". We note that this issue was not raised or argued in the trial court. Nevertheless, we have examined appellant's contention in the light of the argument advanced in his brief and find that the argument is not sufficient as a basis upon which to declare the section invalid. See Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).
Appellant's third point urges that the sentence is excessive because the court found the appellant guilty of a misdemeanor in the second degree for which the maximum sentence is sixty days in prison. Fla. Stat. § 948.04, F.S.A., provides that a trial court may place a defendant on probation for two years beyond the maximum term provided for the offense by statute; therefore, two years plus sixty days is the maximum period for probation on this offense. Since this argument concerning the excessiveness of the sentence is meritorious, *135 the sentence shall be amended by reducing the term of probation to two years and sixty days.
Accordingly, the judgment is affirmed and the sentence is amended as above set out.