718 So.2d 949 (1998)
Craig DANIEL, Appellant,
v.
Judy Black MOATS, Appellee.
No. 97-2911.
District Court of Appeal of Florida, Fifth District.
October 16, 1998.
Remer Craig Daniel, Kennesaw, Georgia, Pro se.
Ann Melinda Craggs and M. Thomas Bond, of Bond, Arnett & Phelan, P.A., Ocala, for Appellee.
HARRIS, Judge.
This is an appeal from an order modifying a Final Judgment of Paternity. We reverse.
While the parties were in high school in Georgia, the mother became pregnant by Craig Daniel. The child was born in Florida. A Marion County Court determined Craig Daniel to be the father and ordered him to pay $160 a month child support. The father graduated from Georgia Tech with a degree in Science of Building Construction and, although his career goal was in construction, obtained a law degree. His loans for his education at this point exceeded $90,000. There is no indication in the record that the father did not remain current with his child support payments during his entire education experience. After law school, Daniel, for a brief time, worked for a law firm and earned $58,000 per year, but subsequently sought and obtained a position as project engineer with H.C.B. Construction earning $45,000. He received more than the project engineer position normally paid because of his law degree. He accepted the job because he thought it would eventually permit him to advance in his field of choice and earn a higher income than he could in law. His student loan payments are $1,270.46 a month.
The trial court refused to consider the student loan obligation when determining the amount of child support increase because the father had voluntarily left his law position and entered the construction field. Because the court failed to find that the father made this change in order to reduce his salary and thus deprive his dependents of income, we find this error. We know of no law that requires one to be employed in a *950 field consistent with his ability which earns the highest income. If so, many fields, perhaps teaching, would go unfilled.
We also find that there was no evidence in the record to support the court's award of attorney's fees to the mother. No one testified concerning attorney's fees except the mother and she merely stated what she paid. There was no evidence as to the reasonableness of the hours or the fees. Boyle v. Boyle, 485 So.2d 879 (Fla. 2d DCA 1986); Wiley v. Wiley, 485 So.2d 2 (Fla. 5th DCA 1986). We reverse the award of attorney's fees.
On remand, the trial court should also reconsider its refusal to assign the child tax exemption to the father on the basis of Radin v. Commissioners, T.C. Memo 1987-348. This Tax Court Memorandum holds that the section 152(e) of the Internal Revenue Code which relates to "divorced or legally separated" persons does not apply to paternity situations.
The court refused to change the child's surname to that of the father despite his request and despite the fact that the child still carries the mother's maiden surname even though the mother is now married. Hence the child's surname is different from both of the parents'. The court did so without explaining why this was in the child's best interest. On remand, the court is instructed to enter a new order, explaining why a name change is or is not in the child's best interest.
The court also required the father to pay all travel expenses related to the visitation of the child. The court did this without taking into account the father's student loan obligation. The court should reconsider this issue taking such obligation into account.
REVERSED and REMANDED.
GOSHORN and PETERSON, JJ., concur.