882 So.2d 1019 (2004)
Anthony L. BREWER, Appellant,
v.
Gail Susan SOLOVSKY, Appellee.
No. 4D03-3222.
District Court of Appeal of Florida, Fourth District.
July 14, 2004.
Claire Cubbin, Fort Lauderdale, for appellant.
Alan D. Sackrin of the Law Offices of Alan D. Sackrin, Hallandale Beach, for appellee.
KLEIN, J.
The trial judge, under the assumption that she was maintaining the status quo, ordered the father, who had relocated to Indiana and had the child with him, to return the child to the mother in Florida. *1020 Under the facts of this case, this amounted to a change of custody without an evidentiary hearing or any other prerequisites. We accordingly reverse.
The judgment dissolving the marriage granted each of the parents fifty percent custody, neither being primary. Nor did the judgment preclude a parent from moving out of state with the child.
The father later moved to Indiana and, after having the child with him in Indiana during the summer of 2003, filed an emergency motion seeking to be designated primary residential custodian so that the child could attend school in Indiana. The mother, who had a pending petition for modification, filed a response seeking return of the child, who had previously attended school in Florida. At a hearing, after the court was advised of the above facts by counsel, the court ruled, without taking testimony, that the child had to be immediately returned to Florida until the modification petitions could be heard.
The court assumed that it was maintaining the status quo, but, because the judgment provided the father with the same rights as the mother, and did not prohibit relocation, this order modified the father's custody rights. We accordingly reverse. Matin v. Hill, 801 So.2d 1003, 1005 (Fla. 4th DCA 2001) ("For a party to obtain a temporary modification of custody, he or she must prove that: (1) a substantial change in the condition of one or both of the parties has occurred, and (2) the best interests of the child will be promoted by the change.").
WARNER and TAYLOR, JJ., concur.