945 So.2d 610 (2006)
Anthony L. BREWER, Appellant,
v.
Gail Susan SOLOVSKY, Appellee.
No. 4D05-2745.
District Court of Appeal of Florida, Fourth District.
December 20, 2006.
Claire Cubbin, Fort Lauderdale, for appellant.
*611 Alan D. Sackrin of the Law Office of Alan D. Sackrin, Hallandale Beach, for appellee.
BATEMAN, THOMAS H., III, Associate Judge.
Appellant, Anthony L. Brewer, timely appeals a final judgment of modification of child custody and child support. This case has been before this court in two prior proceedings.
In Brewer v. Solovsky (Brewer II), 899 So.2d 497 (Fla. 4th DCA 2005), we reversed and remanded to the trial court its final order which was entered prematurely while this court considered an appeal of a non-final order. The non-final appeal was decided in Brewer v. Solovsky (Brewer I), 882 So.2d 1019 (Fla. 4th DCA 2004). In Brewer II, we advised that the trial court could reinstate its final order when the non-final appeal was concluded. On remand, the trial court re-entered its final order. It is from this order that Brewer raises four issues for our consideration. We find that Brewer has failed to demonstrate the trial court abused its discretion in two of the issues and affirm these issues without further discussion.
On the remaining two issues, appellant argues that the trial court abused its discretion by awarding appellee attorney's fees without hearing the testimony of appellee's attorney as to reasonableness and violated due process by ordering the transfer of an Internal Revenue Service (IRS) dependent exemption to appellee without appellee having raised the matter in her pleadings and without testimony on the issue at trial. We agree with appellant on both counts and reverse.
An award of attorney's fees requires competent and substantial evidence. Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981). Competent evidence includes invoices, records and other information detailing the services provided as well as the testimony from the attorney in support of the fee. Faircloth v. Bliss, 917 So.2d 1005 (Fla. 4th DCA 2006); see also Daniel v. Moats, 718 So.2d 949 (Fla. 5th DCA 1998); Clark v. Squire, Sanders & Dempsey, 495 So.2d 264 (Fla. 3d DCA 1986). In this case, while there was evidence presented to the trial court in the form of appellee's attorney retainer agreement and invoices for the services provided, and appellee herself testified as to her attorney's fees being both reasonable and necessary, appellee's attorney did not testify as to the reasonableness of the fees. Without the attorney's testimony as to the reasonableness of the hours expended and the hourly rate, the evidence does not support the award. Faircloth; Daniel; see Clark, 495 So.2d at 264 (error to award fees "without testimony from the attorney in support of his fee . . . and without any other testimony to indicate the reasonableness of the time expended or the amount of the fee to be awarded."). However, because there is some evidence in the record to support the trial court's attorney's fee decision, the order is reversed and remanded for further proceedings consistent with this opinion.
Both appellant and appellee acknowledge that the transfer of the IRS dependency exemption was not pleaded, was not listed in their pre-trial catalogue lists as an issue, and was not the subject of testimony at trial. Appellant argues that his due process rights were violated when the trial court in its final order transferred the exemption without notice. Without citation to authority, appellee argues that "such a determination is part and parcel of a child support proceeding." While the trial court could well have come to the same conclusion if the matter had been pleaded and argued, it was error to "modify [the] child support provision sua sponte. *612 Rather, proposed modifications must be properly pleaded and notice must be given so that the opposing party has an opportunity to respond." Wendel v. Wendel, 852 So.2d 277, 286 (Fla. 2d DCA 2003); see also Dey v. Dey, 838 So.2d 626 (Fla. 1st DCA 2003) ("[T]rial court cannot modify a child support provision sua sponte, unless such modification was properly pled and notice was given so that the opposing party has a fair opportunity to respond.").
Based on the forgoing, the trial court's order is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
STEVENSON, C.J., and STONE, J., concur.