967 So.2d 435 (2007)
David Hugh HOWLE, II, Appellant,
v.
Laureen Leann HOWLE, Appellee.
No. 4D06-4084.
District Court of Appeal of Florida, Fourth District.
October 31, 2007.
Richard E. Gitlen, Stuart, for appellant.
No appearance for appellee.
SHAHOOD, C.J.
David Hugh Howle, II ("Husband"), appeals from the final judgment of dissolution of marriage allowing his former wife, Laureen Leann Howle ("Wife"), to relocate to Kentucky with their children. We hold that the trial court applied the correct legal standard in ruling on Wife's request to relocate. We therefore affirm.
The parties separated in September 2005 after seventeen years of marriage. Husband filed a petition for dissolution of marriage several months later. Wife filed an answer and counterpetition. Both parties sought sole parental responsibility and primary residential custody of their four minor children.[1] The case proceeded to trial in September 2006, by which time Wife had already moved to Kentucky with the children to live with her boyfriend. Wife's request for relocation was therefore *436 addressed by the trial court as part of the petition for dissolution.
At trial, the court heard testimony from Husband, Wife, Wife's boyfriend, Wife's daughters from a previous marriage, and several family friends. The court rendered a detailed final judgment of dissolution awarding Wife sole parental responsibility. The court granted Wife's request to relocate by awarding her primary residential custody in Kentucky, with visitation for Husband. Husband's primary argument in this appeal is that the trial court erred in using an incorrect legal standard in evaluating Wife's request to relocate.
We note that Husband did not make the trial transcript part of the record on appeal. This would normally require this court to affirm. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979). However, "an appellate court may reverse an order or judgment even in the absence of an adequate record where such order or judgment is fundamentally erroneous on its face." Kanter v. Kanter, 850 So.2d 682, 684 (Fla. 4th DCA 2003). We review the final judgment for error apparent on its face.
At the time of Wife's request and the final judgment, requests to relocate, including requests made prior to a final judgment of dissolution, were governed by section 61.13(2)(d), Florida Statutes.[2]Cecemski v. Cecemski, 954 So.2d 1227, 1228 (Fla. 2d DCA 2007). Section 61.13(2)(d), Florida Statutes (2005), provides: "No presumption shall arise in favor of or against a request to relocate when a primary residential parent seeks to move the child and the move will materially affect the current schedule of contact and access with the secondary residential parent." The statute requires a court considering a request to relocate to consider the six factors enumerated at subsections 61.13(2)(d)(1)-(6).
We have thoroughly reviewed the trial court's order and conclude that the trial court adequately considered the six factors required by section 61.13(2)(d). Although the trial court did not make specific findings with respect to each factor listed in the statute, the trial court was not required to do so as long as it considered the appropriate factors. See Cecemski, 954 So.2d at 1228. Husband's claim that the trial court used an incorrect legal standard lacks merit.
Husband's remaining argument, which challenges a number of the trial court's factual findings, is unreviewable by this court due to the lack of a trial transcript.
Affirmed.
WARNER and STEVENSON, JJ., concur.
NOTES
[1] One of the parties' children has since reached the age of majority.
[2] The requirements of section 61.13(2)(d) were later substituted with different requirements by the newly added section 61.13001(7). However, the new section does not apply to the final judgment in this case, which was rendered prior to October 1, 2006. See § 61.13001(11), Fla. Stat. (2006).