POLEN, J.
 

 The appellants, Quality Holdings of Florida, Inc. and William Planes, Sr. (collectively referred to as “Quality”), appeal the trial court’s order granting Selective Investments IV, LLC (“Selective”)’s motion for second escrow disbursement. This court has jurisdiction. Fla. R.App. P. 9.130(a)(3)(C)(ii). We reverse and remand.
 

 FACTS
 

 This non-final appeal challenges a court-ordered distribution from an escrow fund relating to a land sale contract for commercial property. Quality was the seller and Selective was the buyer. A commercial tenant occupied the property pursuant to a lease. The escrow fund was created pursuant to an Estoppel, Escrow and Post-Closing Agreement (“Agreement”) to ensure Quality’s performance of several post-sale contractual obligations. Notably, the obligations included remediating an underground fuel storage tank on the property and reimbursing Selective for any rent the tenant withheld as a result of the tank remediation or as a result of any incorrect statement Quality made in the Agreement.
 

 In the underlying action, Selective sued Quality for breach of contract, fraud, and declaratory relief regarding a portion of the escrow fund owed to two subcontractors for the tank work. Quality denied the allegations and counterclaimed for declaratory relief that its obligations under the escrow fund were complete. The trial court granted Selective’s first motion for escrow distribution to pay the subcontractors for the tank remediation; this order is not on appeal.
 

 The subject of this appeal is Selective’s second Motion for Escrow Disbursement.
 
 *36
 
 The motion claimed that Quality had not completed the tank remediation by the contractual deadline, despite several demands, and that Quality had abandoned the work. Selective claimed that it had suffered damages totaling $44,657.98 as a result of Quality’s actions. Selective quantified its damages as follows:
 

 a) Tenant withheld rent $15,511.42
 

 b) EnviroCare 800.00
 

 c) Lien satisfaction (recording) 10.00
 

 d) Bill from tenants 4,408.56
 

 e) Legal fees 23,928.00
 

 TOTAL $44,657.98
 

 The only evidence in the record to substantiate the individual line items is an affidavit from Selective’s General Manager, which was directly contradicted by an affidavit from Quality’s CEO. Quality claimed that Selective read into the Agreement requirements that did not exist and that Selective was not entitled to funds from escrow.
 

 The trial court held a hearing on Selective’s motion, which Quality’s attorney attended by telephone. There is no indication that live testimony was taken. There was no evidentiary presentation other than the contradictory affidavits of the parties. The record contains no evidence of invoices or receipts to substantiate the line items for which the escrow disbursement was sought. It appears that the hearing was not recorded, and there is no transcript of the hearing. Thereafter, the trial court entered its second disbursement order in the amount of $44,657.98, the same amount that Quality had listed as damages in its motion. The trial judge made no findings of fact in the order granting the second escrow disbursement.
 

 STANDARD OF REVIEW
 

 Often, in the absence of an adequate record, an appellate court is compelled to affirm the decision of the trial court.
 
 See Applegate v. Barnett Bank of Tallahassee,
 
 377 So.2d 1150, 1152 (Fla. 1979);
 
 Howle v. Howle,
 
 967 So.2d 435, 436 (Fla. 4th DCA 2007). However, an appellate court may reverse an order even in the absence of an adequate record if the order is fundamentally erroneous on its face.
 
 See Howle,
 
 967 So.2d at 436.
 

 If a trial court ruled solely on the basis of a written record and arguments made by lawyers and made no findings of fact, an appellate court reviews the record as the trial court did.
 
 See Town of Jupiter v. Alexander,
 
 747 So.2d 395, 399 (Fla. 4th DCA 1998);
 
 Ciba-Geigy Ltd. v. Fish Peddler, Inc.,
 
 691 So.2d 1111, 1118 (Fla. 4th DCA 1997) (stating that if a trial court’s findings are based on affidavits rather than live testimony, the presumption of correctness given to a trial court’s rulings is lessened because the appellate court has everything the trial court had before it).
 

 Here, the record on appeal is inadequate because the record before the trial court was inadequate. The trial court’s order is fundamentally erroneous on its face because, in light of the conflicting affidavits, the trial court had absolutely nothing before it that could have justified its order of the second escrow disbursement. Having concluded that
 
 Applegate
 
 does not prohibit our consideration of this appeal, pursuant to
 
 Toum of Jupiter
 
 and
 
 Ciba-Geigy,
 
 we apply a standard of review more akin to
 
 de novo
 
 than to a review for abuse of discretion.
 

 Line Items for Withheld Rent, EnviroCare, Bill from Tenants
 

 There simply is no evidence in the record that could have led the trial court to conclude that the specific amount of money requested for withheld rent, Envi-roCare, and a bill from tenants was authorized by the Agreement. Because the trial court made no findings of fact, Selective’s bare assertion in its affidavit that a payment was made does not justify an escrow distribution when the right to re
 
 *37
 
 ceive that distribution is directly challenged by Quality’s opposing affidavit. In light of the conflicting affidavits, we reverse and remand. On remand, the trial court must conduct an evidentiary hearing and make findings of fact to resolve whether Selective is entitled to a disbursement pursuant to the Agreement for each line item and, if so, the amount that should be disbursed.
 

 Attorney’s Fees
 

 The law is clearly established that an award of attorney’s fees “must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved.”
 
 Simhoni v. Chambliss,
 
 843 So.2d 1036, 1037 (Fla. 4th DCA 2003);
 
 see also Brewer v. Solovsky,
 
 945 So.2d 610, 611 (Fla. 4th DCA 2006). Substantial competent evidence includes invoices, records and other information detailing the services provided, as well as the testimony of the attorney in support of the fee.
 
 Brewer,
 
 945 So.2d at 611.
 

 The only evidence the trial court appears to have received regarding attorney’s fees is the affidavit of Selective’s General Manager. In the affidavit, Selective’s General Manager itemizes damages that he “incurred to defend and resolve” various disputes relating to the litigation. The affidavit merely contains a single line item, which parrots the motion, for “Legal fees” in the amount of $23,928.00. This bare description does not constitute substantial and competent evidence to justify the trial court awarding attorney’s fees. It appears that the trial court received no invoices or records detailing the services provided, and it appears that the attorney did not testify in support of his fee, as
 
 Brewer
 
 requires. Nor did the trial court make findings regarding the number of hours reasonably expended or the reasonable hourly rate for the type of litigation involved, as
 
 Simhoni
 
 requires. Furthermore, the award of attorney’s fees is premature if it was awarded under the prevailing party clause of the Agreement, as we assume it was. Until the litigation is complete, there is no prevailing party. Lastly, while we have no basis to comment on the reasonableness or necessity of the amount of attorney’s fees, we note that if $23,928.00 in fees was incurred to secure $20,729.08 ($44,657.98-$23,928.00) in other disbursements to the client, this should certainly raise a judicial eyebrow.
 

 Selective encourages this court to uphold the award of attorney’s fees as an element of damages.
 
 [1]
 
 However, with such a barren record before it, this court has absolutely no basis to find that the attorney’s fees were awarded as damages. Therefore, with respect to the attorney’s fees, we reverse, and leave the question of prevailing party attorney’s fees to be determined after the trial court determines the prevailing party.
 

 Reversed and remanded.
 

 STEVENSON and GERBER, JJ., concur.
 

 [1]
 

 . Attorney's fees may be recoverable as an element of damages with respect to certain intentional malicious torts, such as wrongful attachments, false imprisonment, malicious prosecution, and slander of title.
 
 Martha A. Gottfried, Inc. v. Amster,
 
 511 So.2d 595, 600 (Fla. 4th DCA 1987);
 
 see also Bidon v. Dep’t of Prof'l Regulation, Fla. Real Estate Comm'n,
 
 596 So.2d 450, 452 n. 3 (Fla.1992) (stating generally, and in dicta, that "[a]n exception to the general rule is that attorney's fees may be considered an element of damages in cases in which the wrongful act of the defendant has caused the plaintiff to become involved in litigation with third parties”).