GERBER, J.
 

 The plaintiff appeals the circuit court’s final order in the defendants’ favor on the plaintiffs action to enforce the public records law. The plaintiff argues that the court erred in its factual findings and legal conclusions. The plaintiff also argues that the court had no procedural basis to enter the final order. We are compelled to affirm.
 

 Nothing in the plaintiffs appendix suggests that he raised his procedural argument to the circuit court, and he has not provided us with a transcript of the hearing which led to the final order. As such, we are unable to determine whether the plaintiff argued to the circuit court that it had no procedural basis to enter the final order or whether, as defendants claimed at oral argument, the plaintiff waived all procedural requirements in order to obtain an immediate disposition which he believed would be in his favor. Thus, we are forced to conclude that the plaintiff has not preserved what may have been a valid procedural argument.
 
 See Zommer v. State,
 
 31 So.3d 733, 752 (Fla.2010) (“Given the absence from the record of any motion or argument that presented the claims raised here to the trial court, we conclude that this issue has not been preserved for review.”);
 
 Morris v. Knight,
 
 1 So.3d 1236, 1240 (Fla. 4th DCA 2009) (“Even if this claim is supported by the record, it is not preserved for appellate review, as it was not argued below.”). We do not consider the plaintiffs procedural argument to
 
 *817
 
 amount to fundamental error.
 
 See Sanford v. Rubin,
 
 287 So.2d 134, 137 (Fla.1970) (“ ‘Fundamental error,’ which can be considered on appeal without objection in the lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action. The Appellate Court should exercise its discretion under the doctrine of fundamental error very guardedly.”) (citations omitted).
 

 Because we lack a transcript of the hearing which led to the final order, we also are unable to review the circuit court’s factual findings and resulting legal conclusions. As our supreme court stated in
 
 Applegate v. Barnett Bank of Tallahassee,
 
 377 So.2d 1150 (Fla.1979):
 

 Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.
 

 Id.
 
 at 1152.
 

 We also have considered whether the final order is fundamentally erroneous on its face.
 
 See Quality Holdings of Fla., Inc. v. Selective Invs., IV, LLC,
 
 25 So.3d 34, 36 (Fla. 4th DCA 2009) (“[A]n appellate court may reverse an order even in the absence of an adequate record if the order is fundamentally erroneous on its face.”) (citation omitted). Based on the circuit court’s factual findings, we cannot conclude that the final order is fundamentally erroneous on its face.
 
 See Nat’l Collegiate Athletic Ass’n v. Associated Press,
 
 18 So.3d 1201, 1208 (Fla. 1st DCA 2009) (accepting the general premise that a document is not “received” within the meaning of the public records law merely because it is viewed by an agent of the state).
 

 Affirmed.
 

 DAMOORGIAN, J., and MARX, KRISTA, Associate Judge, concur.