DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BENITO SAN PEDRO** and **DAISY SAN PEDRO,**
Appellants,

v.

**LAW OFFICE OF PAUL BURKHART** and **THE CLARIDGES
CONDOMINIUM, INC.,** A Florida non-profit corporation**,**
Appellees.

No. 4D14-1849

[July 1, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Janis Brustares Keyser, Judge; L.T. Case No. 2008CA023172XXXXMB.

Benito San Pedro and Daisy San Pedro, Palm Beach, pro se.

Jared S. Gillman of Law Offices of Paul J. Burkhart, P.L., Palm Beach Gardens, for appellee Law Office of Paul J. Burkhart, P.L.

DAMOORGIAN, J.

Appellants, Benito and Daisy San Pedro, appeal an order imposing an attorney's charging lien in favor of the Law Offices of Paul Burkhart, P.L. ("Burkhart"), for work it performed while representing Appellants in a civil matter. Appellants argue that the lien should be dissolved because the trial court failed to conduct a sufficient evidentiary hearing, and further failed to make the necessary findings in support of imposing the lien. We affirm the trial court's imposition of the charging lien without further comment. However, we agree with Appellants to the extent that the trial court failed to make the necessary findings as to the amount and reasonableness of the fees and, therefore, remand for further proceedings consistent with this opinion.

By way of background, Appellants hired Burkhart to represent them in their dispute with Appellants' condominium association. The underlying case ultimately settled, and shortly thereafter Burkhart withdrew as counsel. Burkhart then filed a notice of charging lien and motion to adjudicate the lien against Appellants. The notice stated that Appellants

owed $8,683.05 in unpaid attorney's fees and an additional $1,285.00 for mediation fees. Eventually, the court considered the motion at a special set hearing.

During the hearing, Burkhart argued as to its entitlement to the charging lien and the amount owing. With respect to the amount owing, Burkhart relied on the exhibits attached to its motion. These exhibits included detailed billing records and a signed retainer agreement. Appellants countered that they had fully paid Burkhart under the terms of the retainer agreement. Both parties, as well as the trial court, referred to the exhibits during the hearing. Notably, however, neither the actual attorneys who performed the work in Appellants' case nor a fee expert testified at the hearing. Appellants never objected to Burkhart's reliance on the exhibits during the hearing, nor did they object to the lack of testimony.

Ultimately, the trial court entered an order imposing Burkhart's charging lien for $8,463.18 in unpaid legal fees. The trial court, however, made no findings as to the reasonable hourly rate or the amount of hours reasonably expended in this case. This was error.

The instant record contains some substantial, competent evidence supporting the amount sought in the charging lien in the form of the exhibits relied upon by the parties, and the trial court, at the hearing. *See Brewer v. Solovsky*, 945 So. 2d 610, 611 (Fla. 4th DCA 2006) ("[c]ompetent evidence includes invoices, records and other information detailing the services provided"). To the extent that Appellants now contest the admission of the exhibits and the lack of testimony, those arguments were waived when Appellants failed to object at the hearing. *See Diwakar v. Montecito Palm Beach Condo. Ass'n, Inc.*, 143 So. 3d 958, 960–61 (Fla. 4th DCA 2014); *see also State v. Caldwell*, 388 So. 2d 640, 641 (Fla. 1st DCA 1980) (trial court did not err in considering an exhibit not in evidence where the parties treated, and referred to, the exhibit as though it was entered into evidence).

However, this evidence was insufficient to establish the amount of fees. We have consistently held that "[a]n order awarding fees must expressly determine the number of hours reasonably expended on the litigation and the reasonable hourly rate for the type of litigation involved." *Rodriguez v. Campbell*, 720 So. 2d 266, 267 (Fla. 4th DCA 1998) (citing *Kelly v. Tworoger,* 705 So. 2d 670, 673 (Fla. 4th DCA 1998)). "Generally, when an attorney's fee or cost order is appealed and the record on appeal is devoid of competent substantial evidence to support the order, the appellate court will reverse the award without remand." *Id.* at 268. However, when as

here, "the record contains some competent substantial evidence supporting the fee or cost order, yet fails to include some essential evidentiary support such as testimony from the attorney performing the services, or testimony from additional expert witnesses, the appellate court will remand the order for additional findings or an additional hearing." *Id.*

Accordingly, we reverse and remand with instructions for the trial court to conduct an evidentiary hearing on the issue of the amount of fees and costs due on the charging lien, and to thereafter enter an order containing the necessary findings and conclusions based upon such evidence.

*Affirmed in part, reversed and remanded in part.*

TAYLOR and MAY, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

3