DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DOMINGO BERNARDO,**
Appellant,

v.

**THERESA BIEMER** and **CROSSROADS ADDICTION SERVICES, INC.,**
Appellees.

No. 4D22-1810

[May 17, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael C. Heisey, Judge; L.T. Case No. 562020DR001621.

Sommer C. Horton of Horton Law Group, P.A., Boca Raton, for appellant.

Jessica M. VanValkenburgh of McCarthy, Summers, Wood, Norman, Melby & Schultz, P.A., Stuart, for appellees.

PER CURIAM.

We affirm all aspects of the final judgment of dissolution of marriage, except as set forth below.

In an appeal of a final dissolution judgment, the sufficiency of the evidence supporting a trial court's ruling on an alimony claim or a fee claim may be asserted for the first time on appeal. Fla. Fam. L. R. P. 12.530(e).

The award of bridge-the-gap alimony to the wife was an abuse of discretion. While she may have had a need for alimony in a general sense, the wife's evidence demonstrated that her net income exceeded that of the husband. The wife offered no evidence to support imputing income to the husband, and the husband's modest income suggests that he did not have the ability to pay. The wife received the vast majority of the marital estate. She presented no evidence of substantial nonmarital assets owned by the husband. Finally, the wife's occupation suggests that her career prospects are superior to those of the husband.

We remand for the entry of an amended final judgment omitting any award of alimony.

The husband also challenges the trial court's order for him to pay the wife $54,417.50 in attorney's fees under the inequitable conduct doctrine. *See Bitterman v. Bitterman*, 714 So. 2d 356, 365 (Fla. 1998) ("The inequitable conduct doctrine permits the award of attorney's fees where one party has exhibited egregious conduct or acted in bad faith."); *Moakley v. Smallwood*, 826 So. 2d 221, 227 (Fla. 2002) (explaining that the trial court's exercise of the inherent authority to assess attorneys' fees "must be based upon an express finding of bad faith conduct and must be supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys' fees"); *Sumlar v. Sumlar*, 827 So. 2d 1079, 1084 (Fla. 1st DCA 2002) (observing that the sanction for bad faith conduct may be imposed against a party).

"To support a fee award, there must be the following: (1) evidence detailing the services performed and (2) expert testimony as to the reasonableness of the fee." *Saussy v. Saussy*, 560 So. 2d 1385, 1386 (Fla. 2d DCA 1990). "Competent evidence includes invoices, records and other information detailing the services provided as well as the testimony from the attorney in support of the fee." *Brewer v. Solovsky*, 945 So. 2d 610, 611 (Fla. 4th DCA 2006).

Here, we conclude that the trial court was within its discretion to sanction the husband for his bad faith conduct when representing himself in the dissolution action, which resulted in the wife unnecessarily incurring *some amount* of attorney's fees. However, the wife's attorney's timekeeping records, without more, were insufficient to establish the reasonable amount of attorney's fees to be awarded for the husband's inequitable conduct. *See Moakley*, 826 So. 2d at 227 (explaining that "the amount of the award of attorneys' fees must be directly related to the attorneys' fees and costs that the opposing party has incurred as a result of the specific bad faith conduct").

Because the record contains some competent substantial evidence supporting the fee award, yet fails to include some essential evidentiary support, we remand to the trial court to make additional findings and to hold an additional hearing, if necessary. *See San Pedro v. Law Off. of Paul Burkhart*, 168 So. 3d 299, 300 (Fla. 4th DCA 2015). The additional findings should include the number of hours reasonably expended as a result of the husband's specific bad faith conduct and the reasonable hourly rate for the legal services.

2

*Affirmed in part, reversed in part, and remanded.*

GROSS, MAY and FORST, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**