DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IN RE: NAME CHANGE OF M.T.F.,** a minor,

No. 4D2024-0808

[January 15, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 502023DR009346.

Jean M. Henne of Jean M. Henne, P.A., Winter Haven, for appellant.

PER CURIAM.

Petitioner Lauren Michelle Brennan ("the mother") timely appeals the circuit court's denial of the mother's petition to change the last name of her child, M.T.F. ("the child"), and the subsequent denial of the mother's motion for rehearing on the matter. We affirm the order denying the mother's petition. However, because the circuit court erred in denying the mother's motion for rehearing, we reverse.

**Background**

The child is the eight-year-old daughter of the mother and the child's biological father, Joseph Perrone ("the father") (collectively, "the parents"). The parents were not married when the child was born, and the child was given the mother's maiden name as her last name. The mother later met and married Emry Brennan ("the stepfather") and took his last name. The mother and stepfather have a five-year-old son who shares the last name "Brennan." The father has a pregnant fiancée with whom he will share a child with the last name "Perrone."

The mother petitioned the circuit court to change the child's name to "Perrone Brennan," but failed to explain why it would be in the child's best interests to change the child's last name. The circuit court held an evidentiary hearing via Zoom. The mother has not provided a transcript of that hearing. Subsequently, the circuit court denied the mother's petition because the mother "failed to present any legal authority and/or competent and substantial evidence to support a finding that changing [the child's] name is in the minor child's best interest."

The mother promptly moved for rehearing. The mother, father, and stepfather all submitted notarized affidavits explaining the reason for the

name change and its importance to the child and the parents. Specifically, the mother's detailed affidavit stated that no one else in the child's immediate family had the child's current last name and that the child was deeply hurt and frustrated because she did not share a last name with any of them. The mother emphasized that the child became upset when people asked about her name. The affidavit stated that the child felt removed from her maternal family, which is well known in the community as "The Brennan Family," and her paternal family, which is known as "The Perrone Family." Thus, the parents resolved to change the child's last name to "Perrone Brennan," which includes both the father's last name and stepfather's and mother's last name.

The circuit court denied the motion for rehearing, reiterating that it was not in the child's best interests to change her last name. This appeal follows.

## Analysis

We review a lower court's decision whether to permit a child's name change for abuse of discretion. *In re Y.M.X.*, 360 So. 3d 421, 422 (Fla. 4th DCA 2023). Likewise, we review an order on a motion for rehearing for abuse of discretion. *Orfanos v. 45 Ocean Condo. Ass'n*, 368 So. 3d 995, 996 (Fla. 4th DCA 2023).

The mother argues the circuit court abused its discretion in denying her petition and motion for rehearing because the name change was in the child's best interests, the circuit court's findings were "legally incorrect [and] unsupported by the record," and the evidence presented in the affidavits was "sufficiently relevant." She further maintains the circuit court denied the motion for rehearing for "unreasonable, arbitrary, and capricious reason[s]," and that, per public policy, this Court should reverse and remand with directions to change the child's name to include the last names of both the mother and father.

*Y.M.X.* is analogous to the case at hand and pertains to the uncontested name change of a minor child. 360 So. 3d 421. In *Y.M.X.*, we initially determined that the circuit court did not abuse its discretion because "the parents' petition did not show how changing the child's first name would be in the child's best interests." *Id.* at 423. However, we reversed the denial of the parents' motion for rehearing because affidavits from the parents and child, explaining how changing the child's name was in the child's best interests, supported the motion. *Id.* Accordingly, we granted the petition to change the child's name based on the evidence attached to the motion for rehearing. *Id.*

Similarly, here, the mother failed to include in her petition why it was in the child's best interests to change her last name from the mother's maiden name to "Perrone Brennan." Therefore, we affirm the denial of her petition as she presented no evidence demonstrating why it would be in the child's best interests to change the child's last name. *See Coolidge v. Ulbrich*, 733 So. 2d 1092, 1094 (Fla. 4th DCA 1999) ("A child's surname should remain unchanged absent evidence that the change is necessary for the welfare of the child.").

However, consistent with *Y.M.X.*, we agree with the mother that the circuit court erred in denying her motion for rehearing. That motion included notarized affidavits from the mother, father, and stepfather agreeing to the name change *and* explaining why it was in the child's best interests to change her last name. The mother specifically explained how distressing it is to the child to not share a name with any of her immediate family members.[1] Thus, we reverse per our decision in *Y.M.X.* 360 So. 3d at 423 ("[T]he affidavits from the mother, the father, and the child, explained in great detail how changing the child's first name was in the child's best interests. Thus, the circuit court erred in not granting the parents' motion for rehearing.").

## Conclusion

We affirm the circuit court's order denying the mother's petition and reverse the circuit court's order denying the mother's motion for rehearing because the name change was uncontested, and the parents and the stepfather submitted affidavits stating why a name change was in the child's best interests. In line with *Y.M.X.*, we direct the circuit court "to immediately enter an order (1) granting the [mother's] motion for rehearing, and (2) granting the [mother's] petition to change the child's [last] name based on the evidence attached to the [mother's] motion for rehearing." *Id.*

*Affirmed in part, reversed in part, and remanded with instructions.*

GERBER, CONNER and FORST, JJ., concur.

---

[1] *See Daniel v. Moats*, 718 So. 2d 949, 950 (Fla. 5th DCA 1998). There, "[t]he [circuit] court refused to change the child's surname to that of the father despite his request and despite the fact that the child still carries the mother's maiden surname even though the mother is now married. Hence the child's surname is different from both of the parents'. The [circuit] court did so without explaining why this was in the child's best interest." *Id.* Thus, the appellate court instructed the circuit court "to enter a new order, explaining why a name change is or is not in the child's best interest." *Id.*

3

*          *          *

*Not final until disposition of timely filed motion for rehearing.*